## HEIDENHEIMER *vs.* WILSON.

A chose in action owned by an individual at the time of his death, belongs to his personal representatives, after his decease ; and his widow has no authority to assign the same, in the absence of any proof that she is executrix or administratrix of her husband.

There is no legal presumption that a widow occupies the relation of personal representative of her husband.

Where a defendant claims as a set-off an account alleged to have been assigned

Heidenheimer *v.* Wilson.

to him, he must prove that the same was assigned before the commencement of the suit.

Where a cause before a justice of the peace is submitted by the counsel, at the close of the evidence, with an agreement that within the four days in which the court is to render judgment they will appear before the justice and argue the cause, the case is in effect postponed for a final hearing to the fourth day ; and the justice has a right with, or without the consent of the parties, to take four days from that time, for the decision of the cause.

And whether the justice, on the day of the summing up, will or will not receive further evidence, is a matter wholly within his discretion, and the exercise of such discretion will not be reviewed by the supreme court, on appeal.

Whether the act of the legislature, of April 10, 1855, creating the office of justice of the peace of the village of Medina, and clothing the incumbent with the same jurisdiction, in civil and criminal cases, as justices of the peace of the several towns of the state is unconstitutional and void ? *Quære.*

Although, as an original question, it might be difficult to sustain the authority of the legislature in such cases, yet it seems the principle is settled, in favor of the right, by the court of appeals, in *Sill* v. *The Village of Corning,* (15 *N. Y. Rep.* 297.)

THIS was an action commenced before D. W. Cole, esquire, justice of the peace of the village of Medina. This office was created by an act of the legislature of the state of New York, passed April 10, 1855, (*Sess. Laws of* 1855, *ch.* 285, §§ 2, 27,) and under that law Cole was elected and assumed to act as justice of the peace.

The plaintiff's complaint was upon a promissory note for $23. The answer admitted the execution of the note and also interposed the plea of set-off, as follows : An account of $11.88 against the plaintiff, and in favor of Alonzo Mason, which had been assigned to the defendant. Also another account against the plaintiff and in favor of Reuben Garter, of $57, which had been assigned to the defendant.

On the trial the evidence established the Mason account, and showed that Mason was the owner at the date of his death, and that his widow had, subsequent thereto, assigned the same, for a valuable consideration. The evidence also tended to show that the said account was to be paid in jewelry, and that the plaintiff had ever been in readiness to pay it in that way.

The Garter account was for services as counsel for the plain-tiff, about the rendition of which there was no dispute, but the evidence was conflicting as to the mode of payment; some evidence being given to show that the services were rendered under an agreement for payment in jewelry, which was in con-flict with the evidence of Garter, the assignor of the account, on that point. The evidence in the case further showed that the action was commenced, and the assignment of the Garter account to the defendant was made, on the same day. After the evidence was closed, the counsel for the respective parties submitted the cause to the justice, with an agreement that within the four days in which the court was to render judg-ment they would appear before the justice and argue the cause. On the fourth day thereafter the counsel for the parties ap-peared and the defendant's counsel then offered to introduce further evidence in the cause, which was objected to by the counsel for the plaintiff, and excluded by the court. The cause was then argued, whereupon the court stated to the counsel for the parties, " that questions of law had arisen that he had not thought of before the argument and he would like further time." The counsel for both parties consented that the court take four days additional time in which to render judgment, within which time the court rendered a judgment in favor of the plaintiff, and against the defendant, for $27.50 damages and costs, which on appeal was affirmed in the Or-leans county court. From the judgment of the latter court an appeal was taken and the record brought up for review in this court.

*Reuben Garter*, for the appellant,

*De Puy & Bowen*, for the respondent.

*By the Court*, DAVIS, J. I have examined the return in this case carefully, and do not think any of the points arising upon the proceedings during the trial well taken. The Mason

Heidenheimer *v.* Wilson.

account belonged to Mason's legal representatives.    There is
no evidence that Mrs. Mason was his executrix or administra-
trix, and there is no legal presumption that she occupied either
of those relations to the estate of her deceased husband.    There
was no evidence, therefore, showing any authority in her to
transfer the account, and hence the title of the defendant to it
wholly failed.    The evidence tended to show, also, that it was
payable in jewelry, and that the plaintiff had held himself in
readiness to pay it in that way.    From the evidence on this
subject the justice would certainly have been warranted in
finding that the plaintiff had not acted in good faith ; still it
was not so entirely clear that we can say he was not justified
in finding the other way.

As to the Garter account, it is obvious it was disposed of
upon a question of fact arising from conflicting evidence.    The
justice probably found that it was, by the express terms of the
contract, payable in jewelry, and that there had been no de-
fault on the part of the plaintiff.    The evidence was sufficient
to sustain that conclusion.    Besides, it did not satisfactorily
appear that the account was in fact assigned to the defendant
before the commencement of the suit.    This was a fact for the
defendant to establish affirmatively.

The rejection of the evidence offered on the day of the sum-
ming up is not error.    It was wholly in the discretion of the
justice whether to receive the evidence at that time or not,
and we cannot review his exercise of that discretion.    In this
case there was certainly no abuse of discretion.

The objection that the judgment was rendered more than
four days after the submission of the cause is not well found-
ed, in fact.    The case was in effect postponed for a final hear-
ing to the day when the counsel appeared and argued it, and
the justice had an undoubted right with or without the con-
sent of the parties to take four days from that time.

The point most relied on in the case is as to the jurisdiction
of the justice.    It is claimed that the act authorizing the elec-
tion of a justice of the peace in the village of Medina and

clothing him with the same jurisdiction in civil and criminal cases as justices of the peace of the several towns of this state, is unconstitutional and void. This question was not raised before the justice himself, and there is therefore nothing whatever in the case to base it upon, except that the justice commences his return by saying, "I, Darius W. Cole, a justice of the peace of the village of Medina in said county [of Orleans] do hereby certify and return," &c. It is very questionable whether this is sufficient to show that Mr. Cole is the justice of the peace which the charter of the village of Medina authorizes the citizens of that village to elect. He may be, consistently with this description, a justice of the peace of one of the towns in which that village is situated, in which case the words "of the village of Medina" would be operative only as a designation of his place of residence. We should hesitate, therefore, to reverse this judgment on the ground urged, because the appellant has not given us in the return satisfactory evidence that the justice before whom this case was tried is the one whose jurisdiction is obnoxious to the objection now made. But assuming that the justice in this case was elected under the charter of the village of Medina, and derives his jurisdiction therefrom, we are not prepared to hold that the act authorizing his election and conferring his power is unconstitutional. The question is a grave one, and by no means free from doubt. As an original question I confess it seems to me very difficult to sustain the authority of the legislature in such cases, but I consider the question in effect settled by the court of appeals in the case of *Sill* v. *The Village of Corning,* (15 *N. Y. Rep.* 297.) That case, it is true, was not entirely analogous to this in its facts, but I do not see on what ground it is justly distinguishable in principle. If under the constitution the legislature can create in incorporated villages local courts of inferior civil and criminal jurisdiction, I do not discover any sound reason why they may not measure that jurisdiction by the standard of authority conferred on justices of the peace of the several towns.

There is nothing in the point made by the respondent, that this court has not jurisdiction to entertain appeals in cases of this character.

The judgment should be affirmed.

[ERIE GENERAL TERM, November 28, 1859. *Greene, Marvin* and *Davis,* Justices.]