MATTER OF THE ESTATE OF MAGDALENA HERRMANN, Deceased.*

(Surrogate's Court, New York County, August, 1915.)

Wills — when probate proceeding does not abate — decree admitting will to probate — jurisdiction of court.

A probate proceeding does not abate by reason of the death of any of the heirs at law and next of kin of decedent before the entry of the decree admitting the will to probate and such decree binds the personal representatives who voluntarily appeared in the proceeding and submitted to the jurisdiction of the court.

PROCEEDING upon the probate of a will.

Gustav Goodman, for the motion.

John B. Quintin (James W. Osborne, of counsel), opposed.

FOWLER, S. This is an application by the proponent to set aside the decision heretofore rendered and the decree entered thereon in the proceedings brought to probate a paper purporting to be the last will and testament of the decedent. The decision was filed on the 22d of November, 1914, and the amended decree was entered on the 16th of March, 1915. George Herrmann, one of the heirs at law and next of kin of the decedent, and the only one who filed objections to the probate, died after the trial, but before the decision of the court was filed. Edward Herrmann, who was an heir at law and next of kin, died before the filing of the decision. Subsequently to the date upon which the decision was filed, but before the entry of the de-

---

* See 87 Misc. Rep. 476.— [REPR.

cree, the personal representatives of Edward Herrmann and George Herrmann voluntarily appeared in the proceeding and filed a notice of appearance in accordance with the rules and practice of this court. A decree was entered on March 9, 1915, in accordance with the decision of the court, and this decree recited the death of Edward Herrmann and George Herrmann during the pendency of the proceeding and the appearance of their personal representatives.    This decree was subsequently amended upon the motion of the attorneys for the proponents, but no objection was made on the ground that the representatives of the deceased heirs at law and next of kin were not brought in by order of the court.

A probate proceeding does not abate because of the death of the contestant or the executor or any of the next of kin; the surrogate must take proof and determine whether the paper purporting to be the last will and testament of the decedent is entitled to probate. *Van Alen* v. *Hewins*, 5 Hun, 44.    Therefore the proceeding to probate the paper purporting to be the last will and testament of Magdalena Herrmann did not abate because of the death of Edward Herrmann and George Herrmann before the entry of the decree.    As their personal representatives voluntarily appeared in the proceeding and submitted themselves to the jurisdiction of the court, the decree of the court is binding upon them.    *Brick* v. *Brick*, 66 N. Y. 144.    All the parties having been before the court at the time the decree was entered the surrogate had jurisdiction to make the decree denying probate to the paper propounded as the last will and testament of the decedent. The application of the proponent to vacate the decree is therefore denied.

Application denied.