JOHN W. CAMPBELL, Plaintiff, *v.* TODD M. PETTIGREW and Others, Defendants.

Supreme Court, New York County, January 21, 1931.

*Chadbourne, Stanchfield & Levy,* for the plaintiff.

*Wing, Lakin, Russell & Whedon,* for the defendants.

MULLAN, J. Motion to dismiss a counterclaim under rule 109 of the Rules of Civil Practice, for defects appearing on its face. Two grounds are urged: (1) That the counterclaim is not connected with the transaction set forth in the complaint; and (2) that the cause of action pleaded in the counterclaim did not exist when the action was brought. It nowhere appears on the face of the counterclaim when the action was brought, and, therefore, the second ground is not available under rule 109. (Cf. *Avery* v. *Title Guarantee & Trust Co.,* 230 App. Div. 519.) It was there held that an attack upon a complaint could not be made under rule 106 (defects appearing on face) if based upon the ground that there was another action pending in the same court for the same relief when that action was begun, because the fact did not appear on the face of the complaint. In an action on contract, however, a counterclaim which pleads a contract must state that the cause

of action pleaded in the counterclaim existed at the time the action was begun. (*Rice* v. *O'Connor*, 10 Abb. Pr. 362; *Heidenheimer* v. *Wilson*, 31 Barb. 636.) The absence of such an allegation in the present counterclaim is a defect appearing on the face of the counterclaim. This point is tenable under the Civil Practice Act, section 266, subdivision 2. Under the Civil Practice Act, section 266, subdivision 1, it is not necessary that the cause of action pleaded in the counterclaim be in existence when the action is brought, but under that subdivision the point that the counterclaim is not connected with the transaction set out in the complaint is good. The action is in equity for an accounting between joint adventurers while the counterclaim is on a promissory note not connected with the "transaction" mentioned in the complaint. The recovery sought by plaintiff is an interlocutory decree for an accounting. A counterclaim "must tend to diminish or defeat the plaintiff's recovery." (Civ. Prac. Act, § 266.) The existence of this cause of action in defendant's favor would not deprive plaintiff of his right to an interlocutory decree. Hence under the Civil Practice Act, section 266, subdivision 1, it is bad.

I grant this motion, with ten dollars costs, and while it seems impossible that defendants can cure the defect under either subdivision of the Civil Practice Act, section 266, I grant leave to amend within ten days, upon payment of costs. Order signed.