In the Matter of the Estate of JOHN H. ROWLAND, Deceased.

Surrogate's Court, Kings County, March 2, 1931.

*Murphy & McClelland* [*Charles F. Murphy* of counsel], for the petitioner.

*Joseph T. Losee,* for Methodist Episcopal Church of Patchogue, N. Y., legatee.

*Harman & Curtis* [*Royal A. Curtis* of counsel], for Benjamin S. Barnes, legatee.

*Charles E. Francis,* for Eugene F. Barnes, Jr., and Anna B. Ferris, legatees.

*Edward H. Wilson,* for Anna A. N. Peal, Jennie E. Day, Ada M. Schenck, Stella L. Rowland and Ross M. Case, legatees.

WINGATE, S. The substituted trustee has filed his account and asks for a construction of paragraph "eighth" of the will of testator. Under the terms of this paragraph testator created a trust of his residuary estate with the income thereof to be paid to his son, John H. Rowland, Jr., during his natural life. The will then continues: "Upon the death of my son, I give, devise and bequeath said trust residuary real estate to the lawful issue of my said son, born of his body, if any such there shall be, in equal shares, the lawful issue of any such deceased issue to receive the share the parent would have received if living at the decease of my said son, to have and to hold the same unto them, their heirs and assigns forever. Should no such lawful issue, born of his body, survive my said son, in that event, I dispose of my said residuary real estate as follows: My surviving trustees or trustee shall sell and convert into cash so much of my said real estate as shall be needed to pay the cash bequests hereinafter made, and out of the proceeds of such sales, I give and bequeath to my niece, Anna A. N. Peal the sum of five thousand ($5,000) Dollars; to Ella Barnes, Stella Barnes and Ada Barnes Underhill, wife of Samuel Underhill, all of whom are children of the late Z. F. Barnes and children of my wife's sister, each the sum of Three Thousand ($3,000) Dollars; to Jennie E. Day, daughter of my deceased brother, William Rowland, the sum of Three Thousand ($3,000) Dollars;

to Ada Schenck, daughter of my deceased sister, Martha, the sum of Three Thousand ($3,000) Dollars; to Martha A. Case, daughter of my deceased sister, Martha, Three Thousand ($3,000) Dollars; to Stella Rowland, daughter of my deceased brother, William Rowland, Three Thousand ($3,000) Dollars; to my friend, Eugene F. Barnes, Three Thousand ($3,000) Dollars; to the Methodist Episcopal Church at Patchogue, Suffolk County, New York, the sum of Five Thousand Dollars ($5,000); to my house-keeper, Edna Wood, the sum of Five Hundred Dollars ($500)."

John H. Rowland, Jr., died on July 23, 1928, without issue him surviving. Martha A. Case and Eugene F. Barnes, two of the persons mentioned in the paragraph of the will under con-struction, survived the testator but predeceased John H. Rowland, Jr., the life beneficiary. On these facts the legacies bequeathed to the eleven persons named in the " eighth " paragraph of the will were contingently vested on the death of the testator subject to being divested only in the event that John H. Rowland, Jr., died leaving issue him surviving. (*Moore* v. *Littel*, 41 N. Y. 66; *Matter of Woodruff*, 135 Misc. 203, and cases cited.) This latter contingency has not occurred and it, therefore, follows that the legacies are payable to those of the eleven who survived the life beneficiary and to the executors or administrators of Martha A. Case and Eugene F. Barnes, who survived the testator but pre-deceased the life beneficiary. It is urged on behalf of Ross M. Case, the son and sole next of kin of Martha A. Case, that the legacy bequeathed to his mother, passes directly to him and not to his mother's executor or administrator, citing *Matter of Ackerman* (137 Misc. 910), recently decided by this court. This contention loses sight of the fact that in the Ackerman will there was a sub-stitutional gift over, of the remainder interest of Emma S. Field, in the event of her death, prior to that of the life tenant. In the will under construction there was a gift to Martha A. Case, with no provision for a substitutional gift, in the event of her death, prior to the life tenant.

The income accrued on the real estate since the death of John H. Rowland, Jr., is payable to all the parties named as legatees under paragraph " eighth " of the will, including Sidney L. Rowland and Benjamin Barnes, in proportion to their respective interests.

The amount of the counsel fee asked by the attorneys for the substituted trustee is reasonable and the same will be allowed.

Submit decree, on notice, accordingly.