In the Matter of the Application of ANNA S. BURRIDGE, Petitioner, to Withdraw Waiver of Citation, to Reopen Such Probate Proceedings and for Leave to Contest, to Revoke the Letters Testamentary Heretofore Issued to HERBERT C. SMYTH, and for Other Specified Relief.

In the Matter of the Estate and the Last Will and Testament of FRANK O. BURRIDGE, Deceased.

In the Matter of the Estate and the Last Will and Testament of ANNA B. BURRIDGE (Also Known as ANNA S. BURRIDGE), Deceased.

HARRY CHAIN BASSLER, as Ancillary Administrator c. t. a., etc., of the Above-named ANNA B. BURRIDGE, Deceased, Appellant, v. HERBERT C. SMYTH, and HERBERT C. SMYTH, JR., Individually, and HERBERT C. SMYTH, as Temporary Administrator and Executor of FRANK O. BURRIDGE, Deceased, Respondents.

First Department, February 26, 1932.

*Isidor Lazarus* of counsel [*Albert Mintzer*, attorney], for the appellant.

*Herbert C. Smyth, Jr.*, for the respondents.

Townley, J. The decedent, Frank O. Burridge, died on September 25, 1930, leaving him surviving a widow, Anna B. Burridge, a resident of Pennsylvania. Under the decedent's will, executed April 14, 1930, the respondent Herbert C. Smyth was named as residuary legatee and executor. On September 29, 1930, the widow executed a waiver of citation in the proceeding instituted to probate this will, and it was admitted to probate by decree entered on October 2, 1930. On October 16, 1930, the widow, alleging that this waiver had been obtained by fraud, petitioned the Surrogate's Court to reopen the decree and permit her to come in and contest the will. A stipulation was thereafter entered into between the respondent Smyth and an attorney representing the widow which permitted the withdrawal of the waiver of citation, the vacating of the decree admitting the will to probate and the revocation of the letters testamentary which had been granted to the executor. The stipulation further provided that the *appearance* of the widow *as a party to the proceeding* be noted and that she be granted thirty days after the service of the order to be entered upon the stipulation to file objections and to " do all other things usual, appropriate and/or necessary to express her contest of said will and said probate proceeding." The provisions of this stipulation were incorporated in an order in the proceeding which was entered on November 11, 1930. A few days after the entry of this order, on November sixteenth, the widow died. The widow left a will in which the appellant Bassler was named sole legatee and executor.

There was some delay in the probate of the widow's will occasioned by the fact that a prior will had been admitted to probate

very shortly after the death of the widow and before the will in which Bassler was named as executor was filed. On December 8, 1930, appellant notified respondents of his intention to continue the contest. On December 16, 1930, before the probate of the widow's will in Pennsylvania, the surrogate upon the petition of the respondents made an *ex parte* order vacating the order of November eleventh and reinstating the decree admitting the will to probate.

Appellant was appointed administrator in Pennsylvania on January fifth and ancillary administrator in New York on January twenty-third. On February ninth he made application as such ancillary administrator for an order vacating the *ex parte* order of December sixteenth and for leave to file objections. Appellant unquestionably proceeded promptly to procure his appointment in Pennsylvania and New York.

The surrogate in disposing of this application considered it as a motion to open a default and said: " * * * The surrogate is required by the rules laid down by the pertinent authorities, *First,* to inquire into the circumstances of the default, *second,* the applicant is required to show ' facts sufficient to afford a substantial basis for contesting the will and that reasonable probability of success to justify the opening of a decree admitting a will to probate.' " (140 Misc. 574.) We cannot accept this view of the situation. The right of the widow to contest this will was expressly granted by the agreement of the parties incorporated in the stipulation made in the probate proceedings. This agreement was approved and adopted by the court by the order entered thereon. Her status at the time of death was that of a party. There is no authority for treating the consequences of the death of a party as either a willful or excusable default.

Aside from the specific stipulation which made the widow a party and incorporated a consent to a trial, it has long been the practice in this State to permit the acknowledged representative of a party deceased, who asks as such to intervene, to do so. (1 Jessup-Redf. Law & Practice, §§ 147 and 151; *Merritt* v. *Jackson,* 2 Dem. 214; *Van Alen* v. *Hewins,* 5 Hun, 44.) A probate proceeding is a proceeding *in rem* and does not abate by the death of a party. (*Matter of Herrmann,* 91 Misc. 464; affd., 172 App. Div. 907; affd., 219 N. Y. 567.) The right of the executor or administrator of the contestant to be substituted in her place and continue the proceeding was decided over fifty years ago in *Van Alen* v. *Hewins (supra).* The court said: " It cannot be supposed that the Legislature intended that the surrogate should decide upon partial proofs, for that would almost certainly work injustice to bene-

ficiaries under the will, or to those who would be benefited if probate thereof should be refused. The burden being upon the executor and legatee to give the requisite proofs before the probate can be confirmed, the death of the contestant cannot deprive them of the right to give such proofs. From this it follows that the proceeding does not thereby abate, but that proofs in support of the will may be given thereafter, and hence, that somebody must have the right to give counter proofs in support of the allegations, or it must be the duty of the surrogate, of his own motion, to ascertain whether the allegations be true or not. * * * We are, therefore, driven to the conclusion that justice to those who are interested in the property to be affected by the proceeding, either by a confirmation or a refusal of probate, as well as a due performance of the duty imposed on the surrogate, requires him to allow some one to step into the place made vacant by the death of the contestant. The power to do this, although not expressly given, is necessarily incident to the jurisdiction vested in the surrogate to take proof of the execution of wills and to admit them to probate."

We reaffirm the principle laid down in the *Van Alen* case. The right to contest a will is given to the next of kin because such parties would be entitled to the property of the deceased if the attempted testamentary disposition of it should not be established. Their administrators, therefore, are proper parties to succeed in a proceeding pending before the surrogate. On principle, the right survives to be prosecuted, by analogy to the rule relative to actions. (*Rose* v. *Clark*, 8 Paige, 574.) Property rights are involved, and it cannot be said that the privilege of intervention is personal to the widow and can only be continued in her executors as matter of favor after examination of the affidavits to determine whether there is merit to the claim.

The application to punish respondents for contempt was properly denied.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted to the extent of vacating the *ex parte* order of December 16, 1930, and permitting appellant to be substituted in place of Anna B. Burridge, deceased, as a party, with leave to file objections within thirty days after the service of this order with notice of entry thereof.

FINCH, P. J., McAVOY, MARTIN and O'MALLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements to the appellant, and motion granted to the extent of vacating the *ex parte* order of December 16, 1930, and permitting appellant to be substituted in place of Anna B. Burridge, deceased, as a party, with leave to file objections within thirty days from service of order.