In the Matter of the Estate of AUGUSTUS MACKENZIE, Deceased.

Surrogate's Court, Kings County, September 13, 1934.

*Daniel G. Connolly*, for Caroline G. Mackenzie, contestant, individually and as administratrix of Donald Mackenzie, deceased.

*Purdy & Purdy*, for the petitioner, Augustus Mackenzie, Jr.

WINGATE, S. The precise question herein raised appears never to have been passed upon in any reported decision.

The present decedent died on March 7, 1934, and a petition for the probate of his alleged will was filed in this court on the sixteenth of the same month. On April thirtieth objections thereto were filed on behalf of Donald Mackenzie, an alleged next of kin. The probate proceeding is still pending. On May 12, 1934, Donald Mackenzie died. Letters of administration in respect to his property were issued to his widow, Caroline, on July 11, 1934, and she was made a party to the present proceeding in her representative capacity by supplementary citation and appearance on August sixteenth. She has personally filed no objections to the probate.

The present application seeks an order directing her to serve a bill of particulars of the objections interposed by her deceased husband, Donald, or, in the alternative, that such objections be stricken from the record.

By way of answer to this application, an affidavit, verified by her attorney, has been filed, reciting that she appeared herein in response to the supplemental citation " but did not file any objections to the

alleged will offered for probate herein. She has not been substituted as a party herein in the place and stead of her deceased husband. Your deponent is informed that the said Caroline G. Mackenzie does not intend to file objections to the said alleged Will."

It is of course primary that a probate proceeding is one *in rem* (*Matter of Seppala*, 149 Misc. 479, 480; *Matter of Meiselman*, 138 id. 104, 107; *Matter of Larsen*, 137 id. 271, 273), and that jurisdiction over the *rem* having been duly acquired by the proper court, the proceeding does not abate upon the death of a party thereto. (*Matter of Herrmann*, 91 Misc. 464, 465; affd., 172 App. Div. 907; affd., 219 N. Y. 567.) The right of the executor or administrator of a contestant in such a proceeding to appear for and be substituted in his place is absolute, and such personal representative has an unqualified right to continue the contest at the point where the decedent left off. (*Matter of Burridge*, 234 App. Div. 457, 459; *Van Alen* v. *Hewins*, 5 Hun, 44, 46.) This does not mean, however, that there is any obligation resting upon him so to do. The right of the dead contestant becomes a potential property right of his estate which, like any other, vests in his personal representative, but, as in the case of any other property right, the latter may, in the exercise of a sound discretion, determine that its enforcement by litigation is unwise, and decline to do so. (*O'Conner* v. *Gifford*, 117 N. Y. 275, 278; *Matter of Johnston*, 74 Hun, 618, 623; affd., 144 N. Y. 563; *Matter of Hosford*, 62 App. Div. 626, 629.)

In an ordinary civil action at law or proceeding in equity, affirmative steps are required on the part of the personal representative of a deceased party or by the surviving parties for substitution of the former in the pending action and for a continuance thereof (Civ. Prac. Act, §§ 84 *et seq.*), and this is substantially what has here taken place.

The statement in the replying affidavit that the administratrix of the objectant has not been substituted as a party in place of her intestate is, therefore, at best a mere conclusion of law with which the court is not inclined to agree. Certainly she has not and never could have any *locus standi* as a party except by reason of her representation of the decedent, her rights in respect to the primary estate being merely derivative from him. Since, therefore, she had no independent rights in the present estate, it is a logical conclusion that her inclusion as a party on the probate must be in substitution for her intestate.

Under Surrogate's Court practice the respondent in a probate proceeding may either object to the probate, or, in effect, join in the prayer of the petition by failure to answer. Obviously, he may not do both. Since the representative of the deceased object-

ing party stands in the place of his decedent, he possesses like rights, but where, as in the present instance, he takes his place after the affirmative action of objection has taken place, it is his duty, if he does not desire to continue the opposition to the probate theretofore voiced by his predecessor in interest, to express his dissent from such position by withdrawal of the objections within a reasonable time.

The answer interposed in this proceeding is wholly ineffective for this purpose in consequence of the vagueness of its terms. The proponent is entitled to information from this party herself respecting the attitude which she proposes to adopt in respect to the probate of the will. The statement of her attorney does not disclose this and would not operate as an estoppel against her. As the matter presently stands, she has succeeded to the objections of her intestate. It is within the discretionary power of the court to permit her to alter this position (Civ. Prac. Act, § 87; *Mooney* v. *N. Y. Elevated R. R. Co.*, 163 N. Y. 242, 248), although on the facts disclosed it is powerless to strike out the objections.

The court will accordingly permit her to alter her position by a renunciation of the objections heretofore filed by the intestate if accomplished within five days, in which event the present motion will be denied without costs; in the event of her failure to adopt this course, the motion for a bill of particulars will be granted, with costs, such bill to be served within five days.

Proceed accordingly.