In the Matter of the Estate of AUGUSTUS MACKENZIE, Deceased.

Surrogate's Court, Kings County, September 12, 1935.

*Purdy & Purdy* for the proponent.

*Frederick A. Keck,* special guardian for Donald Mackenzie, infant.

*Daniel G. Connolly,* for Ethel Brown Mackenzie and others, contestants.

*Foley & Martin,* for Frederick J. Mackenzie and another.

*Herbert Peake,* special guardian for Augustus Mackenzie, Jr., and another.

*Frank G. Colgan,* special guardian for Allan Hoffman.

WINGATE, S. This is an application by the proponent of the alleged will of this decedent to strike out the answer heretofore filed herein on behalf of Donald Mackenzie, Jr.

The alleged testator died on March 7, 1934. He was survived by a widow and by four children, one of whom was a son, Donald Mackenzie. After the petition for probate had been filed, citations issued, and objections filed by three of these survivors, among others, Donald Mackinzie, the last named individual died on May 12, 1934. He was survived by a widow and three children, one of whom is the person against whom the present motion is directed. Donald Mackenzie's widow was appointed administratrix of his

estate, was duly made a party to the proceeding for the probate of the will of Augustus Mackenzie, and has continued the contest initiated by him. The question for present determination is whether the son of this son of the alleged testator, whose death postdated that of the principal decedent, is a proper party to the probate proceeding. He was not named in this or any former will of this decedent.

Section 147 of the Surrogate's Court Act contains an enumeration of the persons who are permitted to file objections to the probate of an alleged will. The first class specified includes " any person interested in the event as devisee, legatee or otherwise." Subdivision 10 of section 314 defines the phrase " persons interested " as including " every person entitled, either absolutely or contingently, to share in the estate or the proceeds thereof, or in the fund, as husband, wife, legatee, next of kin, heir, devisee, assignee, grantee or otherwise except as a creditor."

The second list includes those interested as heirs at law, next of kin " or otherwise " in any property affected by the will.

Finally, a like right is given to persons interested under former wills.

It is, of course, a familiar fact that the terms " heir " and " next of kin " have become obsolete since the going into effect of chapter 229 of the Laws of 1929 and chapter 174 of the Laws of 1930, which abolished the distinctions between descent and distribution of real and personal property. As to the estates of persons dying since September 1, 1930, the rules of intestate devolution of the two varieties of property have been made the same and the persons entitled to take have been indiscriminately classified as " distributees." This term is defined in subdivision 11 of section 314 of the Surrogate's Court Act as including " all those entitled to share in the descent and distribution of an intestate's estate under article three of the decedent estate law."

This latter provision remits the inquiry in the present instance to subdivision 1 of section 83 of the Decedent Estate Law, which provides that all intestate real and personal property of a decedent shall be distributed, " One-third part to the surviving spouse, and the residue in equal proportions to the children, and such persons as legally represent the children if any of them have died before the deceased."

It can do no more than becloud the present issue to enter into a philosophic inquiry as to whether the potential rights to contingent intestate distribution of the deceased son of the principal decedent vested in him immediately upon the death of his father (*Read* v. *Williams*, 125 N. Y. 560, 570; *Barber* v. *Terry*, 173 App. Div. 469,

471; *Matter of Killough*, 148 Misc. 73, 86), or whether such rights as accrued to him were purely of an equitable nature which must be worked out through an administrator when appointed. (Cf. *United States* v. *Jones*, 236 U. S. 106, 112.) The sole present inquiry is as to the identity of the persons who received a right to file objections by reason of the provisions of section 147 of the Surrogate's Court Act.

These persons, by virtue of the statutes hereinbefore reviewed, were the widow and the children of the decedent. They alone would be distributees of his property if he died intestate. It did not include the children of any of the decedent's children, for the simple reason that they do not come within the description of the statute.

The death of one of the decedent's children did not alter this situation except to permit his administratrix to pursue the right which her decedent possessed. (*Matter of Burridge*, 234 App. Div. 457, 459; *Van Alen* v. *Hewins*, 5 Hun, 44, 46; *Matter of Mackenzie*, 152 Misc. 759, 760.) Like any chose in action, this right passed to the personal representative of the deceased owner thereof (*Flynn* v. *McDermott*, 183 N. Y. 62, 67; *Ballou* v. *Ballou*, 78 id. 325, 328; *Heidenheimer* v. *Wilson*, 31 Barb. 636, 638; *Sterrit* v. *Lee*, 44 App. Div. 619, 620; *Berkeley* v. *Kennedy*, 62 id. 609; *Walter* v. *Waiter*, 60 Misc. 383, 393; affd., 133 App. Div. 893; affd., 197 N. Y. 606; *Matter of Rowland*, 139 Misc. 335, 337; *Matter of Kirkman*, 134 id. 527, 529) and may consequently be pursued by her and by no one else. (*Woodin* v. *Bagley*, 13 Wend. 453, 456; *Jenkins* v. *Freyer*, 4 Paige, 47, 51; *Palmer* v. *Green*, 63 Hun, 6, 7; *Clason* v. *Lawrence*, 3 Edw. Ch. 48, 53, 54; *Matter of Hart*, 105 Misc. 290, 292; *Matter of Redfield*, 94 id. 20, 24.)

It follows that Donald Mackenzie, Jr., is not a person authorized to file objections to probate within the provisions of section 147 of the Surrogate's Court Act and that the application to strike out the answer filed on his behalf must be granted.

Enter order on notice.