W. Vincent Grady, S.
Charles J. Brower died a resident of the City of Poughkeepsie, Dutchess County, New York on April 5, 1954, leaving a last will and testament (and codicil) which were thereafter on the 30th day of April, 1954, duly admitted to probate in this court. At the time of his death testator was survived by his wife Helen Brower and his brother Willard T. Brower. On October 18, 1965, some 11% years after probate, a petition was filed by Helen Brower, the widow, praying for a determination of the validity, construction and effect of said will, particularly of paragraphs “ eoitrth ”, “ fifth ”, and “sixth”, whereby it is alleged that more than 50% of decedent’s estate was left to a religious association in violation of section 17 of the Decedent Estate Law. This section provides as follows: “No person having a husband, wife, child, or descendant or parent, shall, by his or her last will and testament, devise or bequeath to any benevolent, charitable, literary, scientific, religious or missionary society, association, corporation or purpose, in trust or otherwise, more than one-half of his or her estate, after the payment of his or her debts, and such devise or bequest shall be valid to the extent of one-half, and no more. The validity of a devise or bequest for more than such one-half may be contested only by a surviving husband, wife, child, descendant or parent. When payment of a devise or bequest to such society, association, corporation or purpose is postponed, in computing the one-half part of such society, association, corporation or purpose, no allowance may be made for such postponement for any interest or gains or losses which may accrue after the testator’s death. The value of an annuity or life estate, legal or equitable, shall not be computed upon the actual duration of the life, but shall be computed upon the actuarial value according to the American Experience Table of Mortality at the rate of four percentum per annum. Such value shall be deducted from the fund or property, which is subject to the annuity or life estate, in order to ascertain the value of a future estate or remainder interest passing to such society, association, corporation or purpose.”
The last will and testament of Charles J. Brower, after making certain specific bequests and naming his wife Helen Brower (petitioner), his brother Willard T. Brower and his friend and attorney David G. McCullough, as executors, provided as follows;
*987 " fourth : I give and bequeath to my wife, Helen Brower, the sum of $2,500.00.
" fifth: I give, devise and bequeath the use and income of all of the rest, residue and remainder of my estate, real, personal or mixed, of every kind and nature and wheresoever situate to my wife, Helen Brower, for and during the term of her natural life, with the power to invade the principal thereof to the extent of $500.00 in any one calendar year for hospital expenses in the event of illness.
" sixth : Upon the death of my wife, or should she predecease me, I then give, devise and bequeath such residue and remainder of my estate as follows:
" (A) I give and bequeath to my brother Willard T. Brower, the sum of $1,000.00
" (B) I give and bequeath to the New Hackensack Dutch Reformed Church, of New Hackensack, New York, the sum of $1,000.00, in memory of my father, William Henry Brower and my mother, Jane Augusta Brower, to be placed in the endowment fund of the church and the income therefrom to be used for general church purposes.
“ (G) I give and bequeath to the Reformed Dutch Church, of Hooker Avenue, Poughkeepsie, New York, the sum of $1,000.00 in memory of my wife, Helen Brower, the same to be placed in the endowment fund of the church and the income therefrom to be used for general church purposes.
@ (D) All the rest, residue and remainder of my estate I give, devise and bequeath to the New Hackensack Dutch Reformed Church, to be placed in an endowment fund and the income therefrom to be used for the spiritual and material promotion and expansion of the church rather than ordinary operating expenses. ’ ’
The New Hackensack Dutch Reformed Church named in decedent’s will as the residuary legatee, opposes the application of the widow claiming 4 4 laches ”, 44 waiver ”, 44 estoppel ’ ’, and 4 4 res judicata ’ ’.
The record discloses that Mrs. Brower never expressly waived her right to contest the excessive gift to the church. It also appears that there can be no final judicial settlement in this estate until the termination of the life estate of the widow.
It is undisputed that the gift to the church under the terms of decedent’s will, exceeds the 50% limit set by section 17 of the Decedent Estate Law.
In the opinion of this court, decedent’s widow had the right to contest the excessive gift to charity and to raise that issue in a construction or accounting proceeding. See Matter of *988 Felter (32 Misc 2d 985, 986) in which the late learned Surrogate Moss of Kings County stated: ‘ ‘ The decision whether there has been a violation of the provisions of section 17 of the Decedent Estate Law must await the ultimate settlement of the account when all information necessary for such determination will be available (Matter of Walker, 136 N. Y. 20, 27; Matter of Epstein, 176 Misc. 494, 502; Matter of Clocke, 100 N. Y. S. 2d 715).”
Section 17 of the Decedent Estate Law contains no limitation of time for the assertion of rights thereunder. The widow’s proceeding for a construction of certain paragraphs of decedent’s will, even though instituted at this late date, would not be barred under the statute.
The death of the decedent’s widow subsequent to her contesting the validity of the bequest to charity exceeding 50%, did not terminate the proceeding. While the right to contest under section 17 of the Decedent Estate Law is personal, once the right is exercised it becomes a property right. The widow’s legal representative has the power to continue the proceeding in behalf of her estate. In Matter of Sonderling (157 Misc. 231, 234) Surrogate Slateb stated: “ The right to start the contest is personal to the privileged class. The distributees cannot obtain the benefits of the statute without the affirmative act of the preferred class. Such act of contest sets their rights in motion. Their rights attach at once.”
He further stated at page 236:
“ The contest begins when the preferred class first questions the validity of the will and seeks to assert the right granted by the statute. The word ‘ contest ’ as used here should be held to mean ‘ to make a subject of dispute; ’ ‘ to call in question; ’ ‘ to contend. ’ Instituting the proceeding to test the validity of the will makes out a contest within the meaning of the statute.
“ I hold that the mother as distributee acquired a property right at the very time she commenced the contest by filing her objections when the will was offered for probate. Such right survives her death. The proceeding does not abate. (Civ. Prac. Act, § 82.) The mother’s death permits her administrators to pursue the right which their decedent possessed. (Van Alen v. Hewins, 5 Hun 44; Matter of Burridge, 234 App. Div. 457, 459, 460; revd., on other grounds, 261 N. Y. 225). The right of property passed to the representative of the deceased owner. Property rights are involved and the privilege of intervention passes on. (Matter of Mackenzie, 156 Misc. 616.) ”
In the instant ease, the widow had until the final judicial settlement of the accounts of the executors, to make her objec *989 tion to the excessive gift to the church, pursuant to section 17 of the Decedent Estate Law. Her objection being timely, it is sustained as to the amount of the gift to the church which exceeds one half of the estate of Charles J. Brower after the payment of his debts. The balance then remaining undistributed, passes as intestate property to the heirs of Charles J. Brower, deceased.