## In re JOHNSON.

(Supreme Court, Appellate Division, Second Department.    July 23, 1898.)

1. CLAIM AGAINST ESTATE—EVIDENCE.    ·
    In a proceeding involving a claim by an executrix individually for the care and maintenance of the deceased, both parties claimed that the services were rendered under a contract specifically providing for the amount of compensation, but differed as to what amount was thus specified.  *Held*, that, under these circumstances, evidence of what the services were worth was necessarily immaterial.

2. WITNESS—TRANSACTIONS WITH DECEDENT.
    If, upon a proceeding to enforce a claim against the estate of a decedent, a contract signed by the claimant, and governing the matter, is produced by a third party in no wise interested in the transaction which resulted in its execution, and which was had in the presence of the deceased, the claimant's offer to prove that it was not read to or understood by her when she signed it falls within Code Civ. Proc. § 829, and is inadmissible.

3. ALLOWANCE TO EXECUTOR—EXPENDITURES ON REALTY.
    The rule authorizing allowances of expenditures for the care and preservation of real property in the possession of an executor. which he is bound to care for and preserve, does not apply where the will confers upon him merely a bare power of sale, and the testator's estate was in the hands of a committee, who must be assumed to have taken care of it.

Appeal from surrogate's court, Westchester county.

In the matter of the judicial settlement of the accounts of Mary A. Johnson, executrix of John Tighe, deceased.    From a decree settling such accounts charging her with certain money, and enjoining executrix from acting under said will, she appeals.    Affirmed.

Argued before GOODRICH, P J., and CULLEN, BARTLETT, and HATCH, JJ.

J. W. Bartram, for appellant.
H. C. Henderson, for respondent.

HATCH, J.    We agree in the main with the determination made by the learned surrogate, and for the most part concur in the reasons assigned by him for such determination in the opinion rendered by him.    The executrix cannot complain if she has been charged with more money than she has received, and has not been credited with all of the sums paid out by her.    In the several accounts rendered by her, each one contradicts the other; and they were presented finally in such a confused state that it was with great difficulty the items were separated for which she was entitled to credit from those for which she was not so entitled.    The evidence permits of charging her with sums in addition to those charged by the surrogate, and perhaps might warrant the deduction of some items with which she has been charged.    But, upon the whole record, we are of opinion

that the learned surrogate has arrived at as correct an adjustment of the account as the executrix is entitled to. We think, therefore, that his determination in this respect should be confirmed. This results in an affirmance of the decree, unless the surrogate has committed some error in finding the existence of a contract to board and care for the deceased at a specific sum, or has committed error in his rulings upon the hearing. Errors respecting both questions are claimed by the appellant to have been committed.

So far as the first question is concerned, and which subject constituted the main issue, the attitude of each does not admit of doubt. The executrix claimed to be allowed for the care and maintenance of the deceased, based upon a specific contract for payment at the rate of $20 a month. This contract she sought to establish by the testimony of her husband, who gave evidence from which the surrogate might have found that such was the contract. Upon the part of the contestants, they also relied upon a specific contract for the performance of the same service at a much less rate; and, in support of their contention, they produced upon the trial a contract in writing, signed by the executrix, in which she specified the compensation she was to receive for the care and maintenance of the deceased. This testimony was regarded by the learned surrogate as practically conclusive of the question at issue, and in the construction which he placed thereon we fully agree. It is therefore evident that, so far as testimony was offered for the purpose of showing the value of the service rendered by the executrix in the care and maintenance of the deceased, it was entirely immaterial, as the executrix, if entitled at all, was so entitled by virtue of a specific contract, and the contestants defeated such claim by proving another. It therefore follows that objections which were interposed and sustained by the surrogate to proof of the value of the service were entirely immaterial, as the executrix did not claim to recover upon the basis of a quantum meruit.

This statement is sufficient to answer the objection against the ruling of the surrogate striking out the testimony of Dr. Becker. But, if it were otherwise, such ruling can be upheld. The testimony of the physician was to the effect that all the information he had given and of which he was possessed was acquired by him in attending the deceased in his professional capacity. The testimony was therefore clearly inadmissible, under section 834 of the Code of Civil Procedure. Nor does section 836 of the Code relieve the party from such rule. Its provisions are:

"But a physician or surgeon may, upon a trial or examination, disclose any information as to the mental or physical condition of a patient who is deceased, which he acquired in attending such patients professionally, except confidential communications and such facts as would tend to disgrace the memory of the patient, when, the provisions of section eight hundred and thirty-four have been expressly waived on such trial or examination by the personal representatives of the deceased patient."

It does not appear in this record that the personal representatives, or any of them, either gave or offered to give such express waiver, and there was no offer so to do after the surrogate had ruled thereon.

It is therefore apparent that such ruling by the surrogate was correct. In re Murphy's Will, 85 Hun, 575, 33 N. Y. Supp. 198. If, as urged, the physician was still competent to testify as to the value of nursing the deceased during his illness, it is sufficient for us to say that the testimony in this respect and the testimony which was clearly inadmissible was so intermingled together that one was not readily separable from the other. And, if the executrix had desired that such testimony be retained in the case, she should have asked therefor, and pointed the same out with sufficient definiteness so that the surrogate's attention might have been called thereto. No such attempt was made, and no such relief was asked. Consequently, such question, if otherwise material, is not now presented.

The offer of the executrix to prove that her written receipt, given to Mr. Purdy, which contained her contract to care for the deceased, was not read to or understood by her when she signed the same, was properly rejected. It fell within section 829 of the Code of Civil Procedure. The production of the contract was by a third party, in no wise interested in the transaction which resulted in its execution. The transaction was had in the presence of the deceased, and she cannot now be heard to give evidence tending to modify or vary its terms. Holcomb v. Holcomb, 95 N. Y. 316.

So far as the objection made that the executrix should be allowed for expenditures made by her upon the real estate is concerned, we agree with the surrogate. The will is not contained in the record, but it is stated therein by the surrogate that its terms were such as only gave to the executrix a naked power of sale. This did not have the effect of vesting her with its possession or control beyond the exercise of the power. It was a mere naked power, and nothing else. Besides, the estate of the testator was in the hands of a committee, who, it must be assumed, in the absence of proof, took charge of the real property. In respect of plaintiff's expenditures in connection therewith, if they be of such a character as creates an equitable claim, the court has power to make an allowance therefor upon a sale of the property. The rule, therefore, which authorizes allowances for expenditures for the care and preservation of real property which comes into the possession of the executor, and which he is bound in the discharge of his duties to care for and preserve, has no application to this case. The decree of the surrogate in respect to the charges made against the executrix seems to be no more onerous than is just, as her course of conduct in treating the trust fund as her own, and expending it accordingly, invited and required such a result.

It follows that the decree of the surrogate should be affirmed, with costs. All concur.