In the Matter of the Judicial Settlement in the Estate of JOSEPHINE SOPER, Deceased.

JOSEPH J. SOPER, as Executor, etc., of JOSEPHINE SOPER, Deceased, Appellant; FRANK SOPER and Another, Respondents.

Fourth Department, November 9, 1928.

*Adrian S. Malsan*, for the appellant.

*Curtin & Curtin* [*Timothy Curtin* of counsel], for the respondent Frank Soper.

*M. S. Ogonowski*, for the respondent Phyllis M. Friedel.

PER CURIAM. The executor's so-called intermediate account originally listed but one uncollected asset, viz., a note of $200 due from Frank Soper. This has been paid and now made a part of the executor's account. Therefore, we shall treat this as a final accounting.

We disagree with the learned Surrogate's Court as to two items covered by the decree appealed from, one a bequest of fifty dollars to Rev. Father O'Connor, and the other as to payments on a two-thousand-dollar promissory note signed by the executor and delivered to testatrix in January, 1925. As to the first item, the

will directed that the fifty dollars be paid " out of the rent collected by my executor." The will in question gives the executor a mere naked power to sell realty. Therefore, barring extraordinary circumstances, the executor's account should not contain items of receipts and disbursements connected with the real estate. (*Matter of Johnson*, 32 App. Div. 634.) However, power over the realty is given by the paragraph mentioned, additional to that mparted by the power of sale. This is analogous to an equitable conversion *pro tanto* of the real estate, and the legacy having been paid out of rents collected in accordance with the authority conferred by the will, the executor is entitled to credit here.

January 24, 1925, testatrix executed and delivered to the Homestead Aid Association of Whitesboro, N. Y., her bond and real estate mortgage conditioned for the payment of $2,000 in dues, interest and premiums, until ten association shares should be paid for. The $2,000 received by testatrix was paid over to appellant as consideration for his promissory note reading as follows:

" WHITESBORO, N. Y.
" *January* 27, 1925.

" One year after date I promise to pay to the order of Josephine Soper two thousand dollars, at the Whitestown National Bank, Whitesboro, New York; for value received, with interest, less what I pay to Homestead Aid. " (Signed) JOSEPH J. SOPER."

We are of the opinion that the executor should have been credited with $165 paid as dues by the executor on this note prior to testatrix's death, in addition to $110 paid as interest and premiums. Dues on the one hand and interest and premiums on the other were all in the same category, and were covered equally by the provision in the promissory note. The surrogate correctly declined to give appellant credit for any moneys paid upon the note to the aid association after the death of testatrix, although appellant was charged with the full amount of the note and interest. As soon as testatrix died the note in her possession became an asset of her estate, and the land devised to testatrix's children (including appellant) became primarily charged with payment of the debt represented by the bond and mortgage, the estate of Josephine Soper being merely a surety. (Real Prop. Law, § 250.) All payments made on the mortgage after the death of testatrix benefited the real estate. Payments made by appellant which did not benefit real estate belonging to him were purely voluntary and do not enlarge his rights against the decedent's estate.

The decree should be modified:

(1) By charging appellant with fifty dollars rents collected, pursuant to paragraph 6 of the will, and crediting him with the payment of the same amount as shown by Schedule E of his account.

(2) By directing the executor to credit himself with all payments of dues, interest and premiums made to Homestead Aid Association on the promissory note prior to the death of testatrix.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

Decree modified in accordance with the opinion, and as so modified affirmed, without costs of this appeal to any party.