In the Matter of the Estate of Teresa E. Burton, Deceased.

Surrogate's Court, Oneida County, April 15, 1932.

*McMahon & McMahon*, for the executor.

*M. J. Larkin*, for Mary Hoffman, claimant.

Evans, S. This is a proceeding for a judicial settlement in which the main controversy involved the trial of a rejected claim.

Mary C. Hoffman is a sister of the testatrix and presented a claim against the estate amounting to $2,070 for nursing during a period of fifty-nine weeks and one day at the rate of $35 per week. The claimant is an unmarried woman, past seventy years of age

and is a graduate nurse. She came from Buffalo to Rome to care for the testatrix in August, 1929, and remained there until the death of the testatrix in the month of October, 1930. Mrs. Burton was a widow who was survived by a son, Leo, there being no other children. He is the executor of the will and the residuary legatee. There is evidence that on prior occasions the claimant had performed some service in the Burton family for which no charge was made.

The circumstances surrounding the interested parties, I think, do not warrant the presumption that the service was gratuitous. While the claimant and testatrix were sisters, they resided in widely separated cities. The claimant made her livelihood by nursing and abandoned her work to care for her sister for more than a year. This is not a case of sisters living and having a home together. They were brought together by the stress of the illness of one of them that ended in her death. I think that the general presumption pertaining to gratuitous service among close relatives does not apply. (*Matter of Lannon*, 75 Misc. 66; *Matter of Chaffee*, 122 id. 768.)

It appears that in order to legally function as a registered nurse an annual enrollment is required. (Education Law, art. 52, § 1375, as added by Laws of 1927, chap. 85.)

The claimant was enrolled for many years, but neglected to do so after the year 1928. Technically she was not a registered nurse while performing the service in the Burton family. This omission however, did not disqualify or penalize her in the practice of her profession. (Opinions Attorney-General, 1903, p. 484.)

She still possessed the requisite skill and knowledge. According to witnesses including physicians the service was worth thirty-five dollars a week.

There is a phase to this controversy that I think must be considered in connection with the will of the testatrix. On August 6, 1929, the testatrix executed a will prior to the one now admitted to probate. The fourth paragraph reads: "I give and bequeath unto my sister, Mary C. Hoffman the sum of one thousand dollars ($1,000) in token and remembrance of the kindness, labor and nursing which I and the members of my family, now deceased, have received from her, she to have and to hold the same as her own forever, and I hereby make the payment of said sum of one thousand dollars a charge and lien upon real estate."

This will was revoked by one bearing date September 2, 1930, and admitted to probate. The second paragraph reads: "I give and bequeath unto my beloved sister, Mary C. Hoffman of Buffalo, New York, the sum of One thousand dollars to be hers absolutely."

Although the bequest to the claimant in the last will is not followed by any explanation, it is apparent to me that it is evidence of the continuity of testamentary intent. The paragraphs in the two wills, taken together, seem to point to the conclusion that the testatrix adopted this method to pay her sister for the nursing and care that she had and would receive. I am unable to believe that the testatrix with her small estate intended that the claimant should receive the legacy of $1,000, also the amount of a claim in excess of $2,000, making a total of over $3,000 for service of a little over a year.

This conclusion is reached after due consideration has been given to reported cases bearing on this subject. The original rule was that a legacy given by a debtor to his creditor which is equal to or greater than the debt shall be considered as a satisfaction of it. (*Williams* v. *Crary*, 5 Cow. 368.)

This rule has yielded to slight circumstances showing a contrary intent on the part of the testator. (*Boughton* v. *Flint*, 74 N. Y. 476; *Matter of Dailey*, 43 Misc. 552; *Sheldon* v. *Sheldon*, 133 N. Y. 1.)

The intent of the testatrix seems to be manifest from a combination of circumstances. The claimant was a sister of the testatrix and had performed service in the family gratuitously. At the beginning or during a period of over a year no mention was made about compensation. Independent of gratitude on the part of the testatrix the claimant was not the natural object of her bounty according to ordinarily accepted standards. The only child of the testatrix was her son, and whatever contention had existed between them he was made her sole legatee with the exception of the legacy to the claimant.

The fact that the first will specifically mentions nursing and care as a reason for the legacy to the claimant seems to exclude the theory that the sister may be both a legatee and creditor.

The fact that the claimant has filed and established her claim, I think, amounts to an election and I hold and decide that as a creditor she is entitled to the sum of $2,070 and that as a legatee she takes nothing.

This estate is apparently insolvent even after the sale of real property to pay debts.

Objections to the payment of interest on the mortgage, taxes, insurance, water rents, etc., would be well founded where an estate had personal property sufficient for all purposes in paying funeral expenses, debts and legacies without resorting to the real property.

Where such expenditures are for the preservation of the real

property, that must be ultimately sold to satisfy claims, they are proper.

Water rent is for a purpose in connection with the enjoyment of the property and not for its preservation, and that item is disallowed.

Expenditures for the other enumerated purposes are allowed.

Decreed accordingly.