In the Matter of the Estate of TESSIE APPELBAUM, Deceased.

Surrogate's Court, Kings County, February 21, 1933.

*Harry Greenspan,* for the executors.

*Howard C. Fischbach,* for Louis Appelbaum, Ben Appelbaum and Bertie Jeffrey, objectants.

WINGATE, S. The only question remaining for determination in this proceeding relates to an objection interposed by Louis Appelbaum and two others to the sale by the executors of a mausoleum on a plot in Washington cemetery, Brooklyn, belonging to the decedent. The plot upon which it is erected was deeded to William E. Appelbaum, the husband of the decedent, and the decedent by conveyance dated June 12, 1905, and originally had accommodations for six graves, two of which were filled by 1921, at the time when the transactions upon which the objections are based are alleged to have occurred.

In August, 1921, Bertha Appelbaum died. She was the mother of William and of the objecting parties. It is claimed by the objectors that at that time William verbally agreed that if his brothers and sister would permit the mother's body to be buried in the plot in question, he would give each of them a place for interment therein. The only direct testimony to that effect was given by the wife of one of the claimants and was quite equivocal in its content and manner of delivery. The fact of the agreement appears most improbable to the court. At the time when it is alleged to have been made, two interments had already been made in the plot, and with the burial of Bertha only three remained. That William should have made an agreement that the entire remaining capacity of the plot should become the property of the objectors to the exclusion of himself and his wife seems most unlikely.

So far as the testimony demonstrates, no claim was ever made in respect to this alleged agreement during the life of William, who died in the spring of 1929, nor against his estate. On usual principles, therefore, it was incumbent upon the objecting claimants to substantiate their rights by clear and convincing testimony. (*Ward* v. *N. Y. Life Ins. Co.*, 225 N. Y. 314, 322; *Matter of Gentry*, 139 Misc. 759, 764, and cases cited.) This they have failed to do.

Upon the death of William, the title to the plot passed to this decedent as the surviving tenant by the entirety. (*Matter of Weiden*, 144 Misc. 854, 858, 861, and cases cited.) The agreement of William, if any was really made, was long since barred by the running of the Statute of Limitations and the decedent could by reason of the inhibitions contained in section 84 of the Membership Corporations Law make no valid agreement for the conveyance of any such rights to the objectors, who were not in any way related to her. If she did make any such agreement, of which the court is by no means convinced, it could give rise to no rights in the objectors respecting the plot or the mausoleum erected thereon, and, therefore, furnishes no basis for an objection to its sale by the executors to a qualified vendee.

The objection is, therefore, dismissed, with costs payable by the objectors personally.

Proceed accordingly.