In the Matter of the Estate of DORA ROSENBAUM, Deceased.

Surrogate's Court, Kings County, November 18, 1935.

*Weinberg & Weinberg*, for the petitioner.

*Wasserman & Erenstoft*, for the creditor, objectant.

WINGATE, S. Section 250 of the Real Property Law reads as follows: " Where real property, subject to a mortgage executed by any ancestor or testator, descends to an heir, or passes to a devisee, such heir or devisee must satisfy and discharge the mortgage out of his own property, without resorting to the executor or administrator of his ancestor or testator, unless there be an express direction in the will of such testator, that such mortgage be otherwise paid."

The Legislature in its enactment of the precursor of this section (1 R. S. 749, § 4), a substantially identical statute, abrogated the previously obtaining rule which required that the personal representatives of a decedent who had assumed the payment of an obligation secured upon his real property must satisfy such incumbrance from the personal assets of the estate for the benefit of the heir or devisee. As between the heir or devisee and the personal representatives, and in the absence of a different testamentary direction, the mortgaged premises thus became the primary fund for the payment of the mortgage debt, and the liability of the personal estate was reduced to and limited by the amount of any deficiency judgment obtained upon a proceeding brought in foreclosure of the mortgage. (*Halsey* v. *Reed*, 9 Paige, 446; *Johnson* v. *Corbett*, 11 id. 265.) " The reason of the statute was, undoubtedly, that though legally the mortgage is collateral to the debt, yet it is ordinarily thought of as the principal thing * * *. The Legislature thus gave to a will the effect which the testator undoubtedly would intend." (*Cochrane* v. *Hawver*, 54 Hun, 556, 557.)

The application of this enactment and its present successor has not been restrained to the immediate parties enumerated therein, but has been construed by the courts as establishing definite equities among the respective creditors and legatees of the decedent, which a court of equity will protect by compelling the mortgagee to proceed in the first instance against the primary fund, the mortgaged realty, in recovery and satisfaction of his debt, and permitting action by him against the personal representatives only thereafter

and to the extent of any deficiency judgment obtained. (*Erwin* v. *Loper*, 43 N. Y. 521; *Rice* v. *Harbeson*, 63 id. 493; *Hauselt* v. *Patterson*, 124 id. 349; *Cochrane* v. *Hawver*, 54 Hun, 556; *Olmstead* v. *Latimer*, 9 App. Div. 163; modfd. on other grounds, 158 N. Y. 313; *Matter of Soper*, 224 App. Div. 431; *Matter of Littleton*, 129 Misc. 845; *Matter of Weissman*, 140 id. 360; *Matter of Gellis*, 141 id. 432, 436; *Matter of Horner*, 149 id. 695.) In *Erwin* v. *Loper* (43 N. Y. 521) the following language appears (at p. 525): " It is also true that the lands mortgaged are, as between the devisee and the executor, and the *creditors* and *legatees* of the testator, the primary fund for the payment of the mortgage debt;" and in *Hauselt* v. *Patterson* (124 N. Y. 349, at p. 359) the Court of Appeals said: " While the statute does not deny to a mortgage creditor the right to seek payment of his debt from the personal estate of the decedent, the court of equity will not permit him to do so in the first instance to the prejudice of *other creditors*." (Italics not in original.)

In the present case there are other creditors.

At the moment of the decedent's death the equities of the respective creditors became fixed and entitled to the protection of a court of equitable jurisdiction. This principle has been stated by the Appellate Division in this department in the following language: " Under our statute (1 R. S. 749, § 4) upon the decease of the mortgagor, the mortgaged property became primarily liable for the debt " (*Olmstead* v. *Latimer*, 9 App. Div. 163, at p. 166; modfd. on other grounds, 158 N. Y. 313); and in the Fourth Department in the recent decison in *Matter of Soper* (224 App. Div. 431) as follows: " As soon as testatrix died * * * the land devised to testatrix's children * * * became primarily charged with payment of the debt represented by the bond and mortgage, the estate of Josephine Soper being merely a surety " (p. 432). (See, also, *Matter of Horner*, 149 Misc. 695; *Matter of Weissman*, 140 id. 360; *Matter of Littleton*, 129 id. 845; *Matter of Perkins*, 122 id. 593.)

From the foregoing, it is apparent that the rule which requires a mortgagee to proceed in the first instance against the mortgaged property is not based upon procedural convenience, in avoidance of circuity of action or otherwise, but upon basic rights arising from the equities of the situation which a court of equity may not disregard. In the present case there are additional creditors. The equities accruing to them upon the death of the decedent cannot be prejudiced at the option of the mortgagee either by subordinating his rights against his security or by relinquishing them entirely as he seeks to do herein.

The application to dismiss the objections is granted. In view of the novelty of the question presented, leave is granted objectant to file proof of contingent claim as prescribed in section 207 of the Surrogate's Court Act within ten days of the date of the order to be entered herein.

Submit order on notice.