In the Matter of the Estate of WILLIAM E. COLLINS, Deceased.

Surrogate's Court, Kings County, March 9, 1936.

*Manuel M. Voit*, for the petitioner.

*Isidore Wechstein*, for Meyer M. Bloch, the claimant-objectant to the account.

WINGATE, S. At the time of his death on April 18, 1934, the only asset of the deceased was a certain parcel of improved real property located at 54 Seba avenue, Brooklyn, valued at $4,500. This was rented by the administrator, and has yielded a gross revenue, up to the time of the hearing, of $655. Aside from this sum, all payments for debts and funeral and testamentary expenses have been personally advanced by the administrator. The estate is admittedly insolvent, the exact amount of deficiency being presently unascertainable, and being determinable only upon the sale of the real property for which application has been made.

The objectant possesses a claim which was reduced to judgment subsequent to the death. He is of course not entitled to a preference by reason of the recovery of his judgment over other creditors of the deceased and is merely in the position of one whose claim has

been proved. (*Matter of Gellis*, 141 Misc. 434, 435; *Matter of Dimou*, 149 id. 83, 86.) He has interposed eighteen numbered objections to the disbursements of the administrator as set forth in the account. The objection numbered "first" has been withdrawn, leaving seventeen to be adjudicated.

The "second" is directed to the sum of $677.80 stated in the account to have been expended for funeral expenses. As shown in a supplementary affidavit this was made up of $609.94 actually paid the undertaker and $57.86 personally charged by the administrator for interest on money advanced by him for the payment of this bill. In the determination of the sum reasonably disbursable for funeral expenses in view of the resources and station in life of the decedent, it should be noted that the account lists additional expenditures for monument, care of grave, etc., totalling $263.54, to which no objection has been interposed. The question, therefore, is really as to whether an expenditure of $931.34 for funeral and related matters is reasonable in connection with a decedent whose total possible gross assets amounted only to $4,500 and whose estate is insolvent. This would be between twenty-one and twenty-two per cent of the gross assets. The answer must be in the negative. (*Matter of Lang*, 156 Misc. 688, 689; *Matter of Amelio*, 153 id. 52, 53; *Matter of Lanza*, 149 id. 95, 97.) In view of the showing of the additional expenditures in this category, not exceeding $400 can be allowed for the items to which objection has been made, and the accountant will be surcharged with the difference.

Objections "third" to "fifth," inclusive, raise questions which may be considered concurrently, and relate to the payment of taxes, assessments and water rates on the Seba avenue property and taxes on premises 7 Hancock street which was owned by the decedent and his wife as tenants by the entirety, and consequently passed to the widow at the moment of his death. (*Bertles* v. *Nunan*, 92 N. Y. 152, 156; *Matter of Sitkin*, 151 Misc. 448, 453; *Matter of Lyon*, 233 N. Y. 208, 211; *Matter of Appelbaum*, 146 Misc. 603, 604.) In respect to the latter property, a distinction must be drawn between the taxes "assessed on property of the deceased previous to his death," the payment of which by the personal representative is directed by section 212 of the Surrogate's Court Act, and those which became a lien thereafter. As to the former, the obligation of the administrator to make payment was absolute. (*Smith* v. *Cornell*, 111 N. Y. 554, 557; *Matter of Babcock*, 115 id. 450, 456; *Matter of Gill*, 199 id. 155, 159.) If *Wise* v. *Wedlake* (217 App. Div. 210), upon which the objectant relies, is not distinguishable on the facts, it must yield to the superior authority of these prece-

dents. It follows that the first half of 1934 taxes on the Hancock street property was a proper payment, entitled to preference by law, and the objection thereto must be overruled. The payment for the second half of the tax on this parcel is conceded to have been improper, and the objection thereto will be sustained.

The tax, assessment and water payments on account of Seba avenue should be viewed from a practical standpoint. This property must be sold to enable the objectant or any one else to receive anything from the estate. Had the questioned sums not been paid, they would have been deductible from the sale price with penalty interest, thus diminishing the fund for ultimate distribution. The act of the representative on the facts shown by the record was, therefore, beneficial and not detrimental to the objectant and his objections in this regard will accordingly be overruled.

Objections " seventh " to " ninth," inclusive, relate to certain expenditures in connection with the Seba avenue property for the erection of a fence, installing screens, etc. The testimony of the administrator stands unrefuted that these expenditures were required for maintaining the property in a rentable condition. As was noted in *Matter of Burstein* (153 Misc. 515, 518), section 123 of the Decedent Estate Law vested in the administrator a new asset in the form of a right to the real property of a decedent during the period of administration. His obligation in respect thereto is coextensive with that regarding other assets in his charge. It is his duty to conserve and render them profitable. (*Matter of Gurlitz*, 134 Misc. 160, 161, 162; *Matter of Lewis*, 142 id. 392; *Matter of Taft*, 145 id. 435, 441; *Matter of Ayvazian*, 153 id. 467, 476, 477, and authorities cited.) In view of this fact, the ordinary expenditures of the variety here in question are proper and objections thereto must be overruled.

Objections " tenth " and " eleventh " relate to the payment of the second mortgage on the Hancock street property. Whereas the decedent was apparently liable on the bond, this constituted no more than a contingent liability of the estate (*Matter of Weissman*, 140 Misc. 360, 361; *Matter of Gellis*, 141 id. 432, 436; *Matter of Schulz*, 152 id. 601, 602, 603), in connection with which the mortgaged property itself was the primary obligor (*Matter of Rosenbaum*, 157 Misc. 316, 317), with no recovery possible against the estate until after a foreclosure proceeding had resulted in a deficiency judgment. (*Matter of Rosenbaum, supra*, 317, 318.) It accordingly follows that the payment was improper and the objection thereto must be sustained.

The " twelfth " objection is addressed to the payment of $161.25 to the widow in satisfaction of her claim against the decedent for money loaned. Whereas the validity of the claim has been established to the reasonable satisfaction of the court, its payment in full requires a certain surcharge in view of the insolvency of the estate. This creditor was entitled only to a *pro rata* payment of her debt. (*Matter of Dimou*, 149 Misc. 83, 85, 86.) The amount which she will be entitled to receive cannot be determined until the real property has been sold and the net sum available for distribution ascertained. The amount of the surcharge in this connection can only then be fixed.

Objection " twelfth " relates to a payment of $446.25 to the Holland Furnace Company. The demonstration of the record is to the effect that the decedent was obligated to this creditor only in the sum of $265, the balance of the payment relating to transactions entered into by the widow who succeeded to the title to the realty subsequent to his death. As to such excess, the administrator is definitely surchargeable at this time. As the payee was merely a general creditor and entitled only to a *pro rata* payment of its debt of $265, the same considerations apply to this portion of the claim as have been discussed in relation to that of the widow.

The " fourteenth " objection is based upon a post mortuary payment of an insurance premium on a policy payable to the widow. This objection is sustainable for obvious reasons.

The next three objections all relate to expenses in connection with the appeal by the administrator from the judgment recovered by the objecting creditor. Aside from the fact that the administrator was unsuccessful on the appeal, no demonstration has been made that his act in this regard was not a reasonably prudent performance of his duty to conserve the assets of the decedent. No showing of improvidence in his action in this regard has been made, wherefore, these objections must be overruled. (*Matter of McCafferty*, 147 Misc. 179, 203, 207.)

The accountant has set up a credit for commissions in his account. This is improper, since no commissions are payable until allowed by the court (*Matter of Sharp*, 140 Misc. 427, 429; *Matter of Kirkman*, 143 id. 342, 347; *Matter of Taft*, Id. 387, 390), which will occur on the entry of the decree of judicial settlement.

As has been noted, all moneys used by the administrator in the payments made were advanced by him to the estate from his own funds. Since the majority of these expenditures were in solution of obligations which would have carried interest had they not been paid when they were, the court deems it equitable that some allowance for the use of his money be granted the administrator in respect,

and to the extent, of the payments made and approved. It is primary, however, that a fiduciary will not be permitted to derive a personal profit from his trust. (*Meinhard* v. *Salmon*, 249 N. Y. 458, 467; *Matter of Rooney* v. *Wiener*, 147 Misc. 48, 50.) Since this return for the use of his money is properly classifiable as an administration expense and thus preferred, it follows that his security for repayment was always adequate, and his return should be only at the rate procurable on well-secured investments during the period, which the court fixes at four per cent. (*Matter of Pelcyger*, 157 Misc. 913, 941; *Matter of Ayvazian*, 153 id. 467, 478.)

Proceed accordingly.