In the Matter of the Estate of MARY L. RYAN, Also Known as MARY A. RYAN, Deceased.

Surrogate's Court, Bronx County, December 7, 1936.

*George A. J. Zahn* [*L. E. French* of counsel], for Mallick J. Fitzpatrick, 2d, as administrator, etc., of Frederick J. Flynn, deceased, executor of decedent.

*Mudge, Stern, Williams & Tucker* [*John F. Brosnan* and *Stuart H. Steinbrink* of counsel], for Mary McMahon, objectant.

*Harry J. Sokolow*, for Anne Barrett and Lillian Turnier, legatees.

HENDERSON, S. The decedent died testate in June, 1934. Except for a $100 legacy, all her property was equally divided among three women. The will appointed an executor whose administrator is accounting for his acts from June 13, 1934, when letters testamentary were issued to him, to May 21, 1935, the date of his death. The estate consisted of personal property, sufficient to pay all administration and funeral expenses and debts, and a parcel of real property. The real property was mortgaged and lost through foreclosure, subsequent to the executor's death. All the distributees have appeared by attorney, but only one has filed objections to the account.

The executor took possession of and managed the real property. The income from the realty was insufficient to cover the carrying charges and the executor made up such deficiency from the estate personalty. The objections urge a denial of the claim for credit of the amount expended from the personalty by the executor in the

management of the real property on the ground that the executor was without authority to make such expenditures. No question is raised as to the items of expenditure or as to the good faith of the executor. It is not contended that the executor received the consent of the distributees for these disbursements from personalty. The administrator takes the " unqualified position " that the executor " acted under an authority, duty and even obligation imposed by law upon him, and upon him alone, to act, if so convinced, just as he did in the premises; and that too in the face, if it had been, of even, ' their explicit and formal ' dissent."

Prior to September 1, 1930, an executor had no right to deal with the real property in the absence of some express authority by the terms of the will or authorization by the court. (*Matter of Soper*, 224 App. Div. 431; *Matter of Disbrow*, 145 Misc. 584, 586.) The authority of the executor with respect to the realty was enlarged by the addition of section 13 of the Decedent Estate Law, to be effective September 1, 1930. Clause (c) of subdivision 2, however, prohibits the executor from managing and collecting rents from such real property which " has been specifically devised to any one person not under disability at the time the sale, mortgage or lease takes effect." The real property involved here was specifically devised. The only exception to the prohibition in clause (c) is found in clause (d) of the same subdivision which is " where such power is necessary for the payment of administration expenses, funeral expenses, debts or transfer or estate tax, upon approval by the Surrogate pursuant to the provisions of article thirteen of the Surrogate's Court Act." In the instant case the personalty was ample for the purposes above mentioned. Section 232 of article 13 provides that the leave to receive rents from specifically devised real property must be sought by petition to the surrogate. This executor had no such grant of authority from the court, nor would the court have allowed such an application had one been presented in this case, as no resort to the real property was necessary. (*Matter of Burton*, 143 Misc. 440, 442.)

In his brief the accountant asks that in his citation of authorities wherever the word " administrator " is used, that it be read as "executor." Whether or not an executor should have the same power as an administrator to manage and collect rents of real property of a decedent is not a question for judicial determination. I have discussed the pertinent statutes affecting the authority of an executor to collect rents on specifically devised property.

Authority is conferred on an administrator to collect rents from real property by section 123 of the Decedent Estate Law. He requires no judicial approval for the collection of rents. The power

to manage the real estate is one of the incidents to the grant of letters of administration. Section 123 became effective on the same date as section 13. One section refers to administrators, one to executors, but each exclusively. The authorities cited which construe section 123 are not in point for the court may neither add nor substitute the word " executor " where the Legislature used the word " administrator." It follows, therefore, that an executor may not manage a decedent's real property, specifically devised to persons under no disability where there is sufficient personal property to pay administration expenses and debts. The estate of the deceased executor will be disallowed credit by the amount of the objectant's share which he expended from the personal estate. The amount expended was $2,352.40. His claim for credit will be reduced by $784.13, the one-third share of objectant, which sum will be credited to her.

On the hearing, the allowance requested for attorney's services, payable to the estate of the deceased executor, was reduced to $200 and the allowance for counsel fee of the present attorney was reduced to $300, both on consent.

Allowance to the estate of the deceased executor will be made of a sum equal to the statutory commissions for receiving and on all money properly paid out.

Settle decree.