In the Matter of the Accounting of THEODORE GRUEN, as Executor of ERNEST L. LATON, Deceased.

Surrogate's Court, Westchester County, July 25, 1955.

*Gray & Maron* for executor, petitioner.

*Joseph V. McKee* for Title Guarantee and Trust Company of New York, respondent.

FAILE, S. Objections have been interposed to the executor's account by a judgment creditor upon the grounds that attorneys' fees are excessive. The objectant also contends that the court costs recovered against the executor in an action by objectant are an administration expense and as such are entitled to a preference in payment over general creditors.

The testator died a resident of Westchester County on November 28, 1950, and his will, dated May 30, 1942, was duly admitted to probate by this court and letters testamentary thereon were issued February 5, 1951.

The decedent's estate, as well as being hopelessly insolvent, presented numerous complex problems on which the attorneys for the executor expended much time and effort with resulting benefit to the estate creditors. The estate realized upon assets of doubtful value through the diligent efforts of such attorneys. Such legal services, in addition to those ordinarily rendered in the administration of an estate, included the defense of a foreclosure action, a substantial reduction in the amount of the claims asserted against the estate as a result of conferences held in Ohio, as well as the obtaining of income tax refunds and assisting in the settlement and liquidation of the testator's interest in certain real property located in France. In addition to reducing estate liabilities, the efforts of such attorneys permitted the estate to realize upon doubtful assets.

It has repeatedly been held that in determining the reasonableness of attorneys' fees, the size of the estate, the work involved, the professional standing of the attorneys and the benefits accruing to the estate as a result of the attorneys' services are among the factors to be considered. (*Matter of Potts,* 123 Misc. 346, affd. 213 App. Div. 59, affd. 241 N. Y. 593; *Matter of Spanier,* 148 Misc. 879, 883, affd. 241 App. Div. 615; *Matter of Mackenzie,* 155 Misc. 822, 825.) Considering all relevant factors and especially the benefits accruing to the estate resulting from such services, the attorneys' fees are allowed in the amount of $2,000.

In *Matter of Carnegie Trust Co.* (161 App. Div. 280), the court dealt with the other issue raised in this proceeding, to wit, the question of costs recovered in an action against a fiduciary in his representative capacity. The opinion, at page 283, stated as follows: '' It is well settled that costs against executors, administrators, assignees for the benefit of creditors and receivers are payable out of the estate and have priority over the claims of general creditors.'' Accordingly, the court determines that the court costs heretofore awarded to the objectant are regarded as an administration expense and as such are to be paid prior to the payments of the claims of general creditors.

None of the other creditors of the estate is entitled to preference in payment because all others fall within the provisions of subdivision 4 of section 212 of the Surrogate's Court Act. The fact that one of the creditors recovered a judgment subsequent to decedent's death does not entitle him to a preference over other creditors. (*Matter of Collins,* 158 Misc. 798.) Therefore, in discharging such claims, the executor shall pay each of such creditors a prorata share of his claim from the remaining assets.

Settle decree.