In the Matter of the Estate of JOHN J. DOYLE, Deceased.

Surrogate's Court, Oneida County, March 4, 1929.

*J. Ezra Hanagan*, for the executor.

*D. F. Scarle*, for the remainderman.

*Kernan & Kernan*, for Lawrence J. Doyle, life tenant.

*Arthur J. Foley*, for the creditor.

EVANS, S. The decedent was a resident of the city of Utica, N. Y., and died there on May 16, 1925.

He is survived by a widow, Ella D. Doyle, and a married daughter, by a former marriage, Clara Doyle De Paolis. The decedent left a will that was admitted to probate on June 18, 1925.

There are minor bequests amounting to $200.

The income of the real and personal property is given to the widow during her lifetime with the right to invade the principal, if necessary for her comfortable support.

After the death of Mrs. Doyle the corpus of the estate passes to Mrs. De Paolis.

The will appointed Mrs. Doyle executrix and further directed her to carry out certain trust duties pertaining to Lawrence Doyle, a brother of the testator.

On July 23, 1903, Lawrence Doyle executed and delivered to John J. Doyle, the testator, a deed of several parcels of real property in the city of Utica. After the description of the property, the deed reads as follows:

" To have and to hold the above granted premises unto the said party of the second part as trustee, as hereinafter set out, and the said party of the first part covenants with the said party of the second part that he has not in any manner disposed of his interest to anyone, which was acquired by him and to all of the foregoing described property by and through the will of his deceased brother, James Doyle.

" All of the foregoing property is conveyed to the party of the second part by the party of the first part as trustee, for the following purposes to wit: The party of the second part hereby agrees to take care of the real estate and personal property of the party of the first part, rent the same and keep the same in repair, collect the rents without any compensation therefor, and out of the income of said property said party of the second part shall provide suitable room, board, clothes and medical attendance for the party of the first part, during the lifetime of the party of the first part, and pay all debts incurred by him prior to date hereof, and upon his death shall suitably bury said party of the first part. Also, said party of the second part, out of the income of said property shall board, clothe, maintain and provide necessary medical attendance for the aunt of said parties hereto, Mary McDermott, and in case of her death before the death of the party of the first part, to pay the expenses of her burial, and in case the aunt of the parties hereto, Eliza Tellar, shall become unable to take care of and maintain herself, then she shall be cared for the same as Mary McDermott, as hereinbefore provided, during the lifetime of the party of the first part. This trust shall terminate at the death of the party of the first part, at which time title to all of the foregoing described real estate shall become absolute in the party of the second part. The said party of the second part is hereby empowered to mortgage, or sell as in his discretion may seem best, any of the foregoing described real estate for the purpose of raising money

necessary and sufficient to carry out the foregoing provisions of this deed, and also for the purpose of raising money to pay all taxes, insurance premiums, and cost and expense of repairs upon all of said property; and in case of fire, to rebuild or repair the same as in his judgment may seem best."

This deed was duly recorded in the Oneida county clerk's office. Lawrence Doyle is now living and the testator for more than twenty years up to the time of his death performed on his part the covenants as contained in the deed. Since the probate of the will, Mrs. Doyle in good faith has endeavored to carry out the trust duties formerly performed by her husband.

There is no complaint here on the part of Lawrence Doyle. Apart from the interest that he had in the trust property, the testator left no real property, and the personal property amounted to about $700. Mrs. Doyle in her effort to function in the dual capacity of executrix and trustee intermingled funds of the estate with rents and income from the trust property. She also preserved no distinction between creditors having claims for funeral expenses, physicians' bills, etc., that were personal obligations of the testator or his estate, from creditors whose claims arose from materials furnished and work, labor and services performed on the real property in question. The funeral expenses are unpaid, and there are unpaid creditors representing the two types mentioned. The executrix has endeavored to pay these bills from rents collected by her.

She has submitted proof tending to show that after supporting Lawrence Doyle and paying taxes, insurance and for repairs the surplus revenue is insufficient to pay outstanding obligations and that a mortgage on some portion of the real property is necessary.

Lawrence Doyle has filed a written consent and agreement to join in the proposed mortgage.

Mrs. Clara Doyle De Paolis has filed an answer objecting to a sale or mortgage.

The conflicting interests of parties interested in this estate and the circumstances under which the testator held the real property have created a legal snarl not easily unraveled.

The right to resort to real property for the payment of debts was unknown to the common law. The title to real estate upon the death of the owner vests immediately in his heirs and devisees. At common law they took it free from his general debts. It can be taken now for specified purposes only as declared by statutes that must be strictly pursued in order to justify its sale. (*Kingsland* v. *Murray*, 133 N. Y. 170.)

The first essential is that a decedent must be seized of real property

or an interest in real property that can be sold. (Surrogate's Court Act, § 233.)

Coupled with this requirement is the necessity of proof that the personal property is insufficient to pay funeral and administration expenses, debts and transfer tax. (Surrogate's Court Act, § 234.)

This proceeding may in a proper case be maintained to apply rents or to mortgage where a sale of the real property is unnecessary.

The transaction between John J. Doyle and his brother Lawrence created an express trust.

" An express trust may be created for one or more of the following purposes: * * * 3. To receive the rents and profits of real property, and apply them to the use of any person, during the life of that person, or for any shorter term, subject to the provisions of law relating thereto." (Real Prop. Law, § 96.)

By the terms of the deed during the lifetime of Lawrence Doyle the testator was a trustee of the real property and had no present pecuniary interest in it except in the surplus of income after supporting Lawrence and paying taxes, insurance and general repairs.

The conditions under which the testator might sell or mortgage the property were confined to certain expressed purposes connected with it. The interest of the testator could not ripen into ownership until after the death of Lawrence.

It seems clearly apparent that the personal creditors of John J. Doyle during the existence of the trust could not enforce their claims against this real property. An opposite view might possibly wipe out or exhaust the property and leave nothing from which to support Lawrence.

This result would defeat the ends for which the trust was created. At the most creditors of John J. Doyle might seize only the surplus income.

The death of the trustee has not changed or enlarged the rights of any one succeeding to his interest under the will or otherwise.

The consent of Lawrence Doyle to mortgage the property in this proceeding adds nothing to its legal status.

The remainderman, Mrs. De Paolis, now owns rights in the property and with her opposition Lawrence Doyle cannot modify or waive the provisions of the deed.

The provisions of the deed contemplate the performance of certain specified acts as trustee by John J. Doyle during the lifetime of his brother Lawrence and at his death the trustee agrees to bury him, at which time absolute title to the real property was to vest in John J. Doyle.

Contrary to expectations Lawrence Doyle survived the trustee. With the trust only partially executed and death preventing further

execution by John J. Doyle, the question arises whether his widow and daughter are in fact life tenant and remainderman of this property. In any event I am of the opinion that the testator did not own real property and was not seized of an interest in real property at the time of his death within the meaning of section 233 of the Surrogate's Court Act, and, therefore, the petition must be denied.

Further comment may trespass upon the prerogatives of another court, but it would seem that the rights of the unpaid creditors require passing attention.

The petition in this proceeding asks for a construction of certain parts of the will.

I am of the opinion that the testator was without legal authority to name in his will a successor to himself as trustee of Lawrence Doyle. The deed appears to be the visible evidence of a family arrangement designed to conserve the real property and to provide for the support of Lawrence and also of two aunts of the parties named, Mary McDermott and Eliza Tellar.

There is no evidence concerning the two women and presumably they are both dead.

The authority conferred upon John J. Doyle as trustee was an expression of faith in his integrity and discretion which his administration has justified.

The intent of the parties as gathered from the instrument negatives the assumption that the trustee might delegate his rights as such to his successor.

" Every instrument creating, transferring, assigning or surrendering an estate or interest in real property must be construed according to the intent of the parties, so far as such intent can be gathered from the whole instrument, and is consistent with the rules of law." (Real Prop. Law, § 240, subd. 3.)

This trust is unexecuted and will continue during the lifetime of Lawrence Doyle.

The death of John J. Doyle vested the trust in the Supreme Court. " On the death of the last surviving or sole surviving trustee of an express trust, the trust estate shall not descend to his heirs nor pass to his next of kin or personal representatives; but in the absence of a contrary direction on the part of the person creating the same, such trust, if unexecuted, shall vest in the Supreme Court, with all the powers and duties of the original trustee or trustees, and shall be executed by some person appointed for that purpose under the direction of the court." (Real Prop. Law, § 111; *Forman* v. *Young*, 166 App. Div. 815.)

I think that the orderly administration of the affairs connected

with this estate and of this trust requires the appointment of a trustee by the Supreme Court.

The creditors comprise two classes and their bills should be separated.

Accounts pertaining to the real property should be paid by the trustee.

Funeral expenses and personal bills of the testator should be paid by the executrix.

There should be an accounting by the executrix to the trustee and after the payment of claims and charges the surplus should be paid to the executrix and applied by her on the personal debts of the testator. If the execution of the trust discloses the necessity then the trustee will have authority to sell or to institute proceedings for that purpose to pay debts.

I hold and decide that this court has no jurisdiction to grant the relief sought and that the proceeding must be dismissed.

Decreed accordingly.