## In the Matter of the Estate of LAWRENCE DOYLE, Deceased.

Surrogate's Court, Oneida County, April 9, 1935.

*Charles De Angelis*, for Clara M. De Paolis.

*Clarence E. Williams*, for Ella Doyle.

EVANS, S. The above-named decedent died intestate on the 12th day of November, 1934. He never married and left as his sole distributee a niece, Clara M. De Paolis, who is the administrator of the estate. She has filed with this court a petition asking for the sale of real property to pay debts and funeral expenses. The known debts at this time amount to about forty-two dollars and the funeral expenses amount to five hundred dollars.

The important question to be decided concerns the ownership

of certain real property situate in the city of Utica, N. Y., consisting of six houses and a small store. The only persons in interest are Clara M. De Paolis, the petitioner, and Ella Doyle, who is the widow of John Doyle, a deceased brother of Lawrence Doyle, the decedent. Mrs. De Paolis and Mrs. Doyle have signed and filed an agreed statement of facts. It appears that in the year 1903 Lawrence Doyle was the lawful owner of the real property mentioned and also certain personal property that had been devised and bequeathed to him by a brother, James Doyle, whose last will and testament was duly admitted to probate by this court on the 15th day of September, 1902. On July 23, 1903, Lawrence Doyle executed and delivered to his brother, John Doyle, a trust deed of the real property in question for a consideration of one dollar and the further consideration that John Doyle should hold said property as trustee and collect the rents and income, make repairs, pay taxes and insurance and exercise oversight and control over said property.

From the income it was agreed that John should supply Lawrence with a suitable room, board, clothes and medical attendance during the lifetime of Lawrence and upon his death to pay the funeral expenses. It was further provided that upon the death of Lawrence the trust should terminate and title to the real property should become absolute in John Doyle. A subsequent agreement was executed between John and Lawrence, dated December 19, 1904, in which personal property from the estate of James Doyle belonging to Lawrence was paid to John subject to the same conditions as those embraced in the prior agreement.

John Doyle died on May 16, 1925, leaving a last will and testament that was admitted to probate by this court on June 18, 1925. He was survived by his widow, Ella Doyle, as heretofore stated, and by his daughter, Clara M. De Paolis. The will provided for the widow a life use of real and personal property with the right to invade principal if necessary for her comfortable support. After the death of Mrs. Doyle the corpus of the estate passes to the daughter, Mrs. De Paolis.

The will further provided under paragraph sixth: " At the present time I am trustee for my brother, Lawrence Doyle and I have been and still am providing for his maintenance and care and I direct my executrix hereinafter named to support my said brother Lawrence Doyle, and to provide and maintain him in the same manner and in the same condition that I am maintaining him. * * * If at the time of my wife's death my said brother is still living I direct my daughter Clara Doyle De Paolis to provide, support and maintain my said brother, Lawrence Doyle in

the same manner and in the same position as I have maintained and supported him, and I direct that she provide and maintain for his support out of the income of my said property so long as he shall live."

Ella Dignan Doyle, the widow, was named as executrix.

The question now before the court is whether the death of John Doyle effected a reversion of title in the real property to Lawrence Doyle. Certain questions pertaining to this property were before this court in the administration of the estate of John Doyle (*Matter of Doyle*, 133 Misc. 647).

The transaction between John Doyle and Lawrence Doyle created an express trust.

" An express trust may be created for one or more of the following purposes:   *   *   *

" 3. To receive the rents and profits of real property, and to apply them to the use of any person, during the life of that person, or for any shorter term, subject to the provisions of law relating thereto." (Real Prop. Law, § 96.)

The intent of the parties appears to be reasonably clear. By the terms of the will of John J. Doyle it is apparent that he contemplated the possibility of Lawrence surviving him and in that event attempted to delegate his duties as trustee to his executrix and in the event of her death prior to the death of Lawrence, the vacancy is to be filled by Clara De Paolis. Lawrence evidently assented to this arrangement and for about ten years up to the time of his death raised no question as to the authority of Mrs. Doyle, the executrix, in exercising the functions of a trustee. Lawrence made no application for the appointment of a substituted trustee and made no claim to property rights other than those provided in the trust deed.

" Every instrument creating, transferring, assigning or surrendering an estate or interest in real property must be construed according to the intent of the parties, so far as such intent can be gathered from the whole instrument, and is consistent with the rules of law." (Real Prop. Law, § 240, subd. 3.)

The death of John Doyle while the trust was unexecuted vested it in the Supreme Court. I think that no interest reverted to Lawrence.

" On the death of the last surviving or sole surviving trustee of an express trust the trust estate shall not descend to his heirs nor pass to his next of kin or personal representatives; but in the absence of a contrary direction on the part of the person creating the same, such trust, if unexecuted, shall vest in the supreme court, with all the powers and duties of the original trustee or

trustees, and shall be executed by some person appointed for that purpose under the direction of the court." (Real Prop. Law, § 111; *Forman* v. *Young*, 166 App. Div. 815.)

The fact that John Doyle attempted to delegate his duties as trustee to his executrix did not nullify the trust or impair the property rights of any one having an interest in the real property. According to the terms of the trust deed the death of Lawrence vested in John absolute title to the real property. The persons taking as life tenant and residuary legatee and devisee under the will of John Doyle have succeeded to his rights. It follows that Lawrence Doyle owned no real property at the time of his death and that none is subject to the payment of debts and funeral expenses and the pending proceeding for that purpose should be dismissed. Ella Doyle, having acted as trustee for Lawrence, although not legally appointed, should pay the funeral expenses of Lawrence as provided in the trust deed. The title to the real property is vested in Clara De Paolis, subject to the life use of Ella Doyle pursuant to the provisions of the will of John Doyle.

Decreed accordingly.