In the Matter of the Petition of AUGUSTUS MACKENZIE, JR., to Prove the Last Will and Testament of AUGUSTUS MACKENZIE, Deceased.*

DONALD MACKENZIE, JR., an Infant, by FREDERICK A. KECK, His Special Guardian, Appellant; AUGUSTUS MACKENZIE, JR., and Others, Respondents. (Appeal No. 1.)

Second Department, March 20, 1936.

* Revg. 156 Misc. 616.

*Fred L. Gross*, for the appellant.

*William F. Purdy* [*John E. Purdy* and *Edmund F. Lamb* with him on the brief], for the proponent-respondent.

*Patrick J. Dobson*, for the respondent Frederick J. Mackenzie.

TAYLOR, J.   The question here is whether Donald Mackenzie, Jr., has standing under section 147 of the Surrogate's Court Act to contest the will of the decedent, his grandfather.   Donald Mackenzie, son of the decedent, died subsequently to the latter's death, pending a contest of the will instituted by him and other persons. The surrogate decided the question in the negative, and by the order appealed from struck out the infant s answer containing objections to the probate; so that the said infant, still a party herein, may not be heard in contest of the will.

The facts are: Augustus Mackenzie, alleged testator, died in California March 7, 1934, a resident of Kings county, N. Y.   He left a purported last will and testament, which, according to the amended petition for its probate, " relates to both Real and Personal Property," and is dated December 11, 1929.   The alleged testator left him surviving his widow, Ethel Brown Mackenzie, his second wife; his sons Augustus Mackenzie, Jr., and Frederick J. Mackenzie, issue of a former marriage; his son Donald Mackenzie, and his daughter, Dorothy Mackenzie, the last two named being the issue of said alleged testator and Ethel Brown Mackenzie, his widow.   Said Augustus Mackenzie, Jr., Frederick J. Mackenzie, Donald Mackenzie and Dorothy Mackenzie constituted the alleged testator's sole heirs at law and next of kin.   Donald Mackenzie died May 12, 1934, leaving him surviving his widow, Caroline Mackenzie, subsequently duly appointed administratrix of his estate, and three infant children, Augustus Mackenzie, 2d, Pauline Mackenzie and Donald Mackenzie, Jr.   Donald, Jr., is not mentioned in the alleged will as he was born after it was made.

Objections were filed to the probate thereof by Ethel Brown Mackenzie, the alleged testator's widow, and by Donald Mackenzie and Dorothy Mackenzie, her children by him.   On the death of Donald, his widow, Caroline G. Mackenzie, thus duly appointed administratrix, continued the contest in her representative capacity. Her children, Augustus, 2d, and Pauline, who were born before the decease of the alleged testator and were mentioned in his will, were cited upon the probate.   Donald Mackenzie, Jr., was not cited. When the trial of the contest was imminent, a suggestion was made that a citation should be issued to Donald Mackenzie, Jr.   Thereafter such citation was duly issued, and a special guardian was duly appointed for him.   Such special guardian filed an answer attack-

ing the validity of the will and the testamentary capacity of the alleged testator. In this situation the contest was tried. The jury disagreed. Proponent's attorneys then moved to strike out the answer of Donald Mackenzie, Jr., on the ground that he was not an heir at law or next of kin of the testator, had no interest in the latter's estate and was not entitled to be made a party to the proceeding or to contest the will, as his only interest was in the estate of his father and not that of his grandfather. The order appealed from was then made. The determination of this appeal must be the result of a proper application of section 147 of the Surgate's Court Act to the disputed facts. Said section reads in relevant part as follows: "Any person interested in the event as devisee, legatee or otherwise, in a will or codicil offered for probate; or interested as heir-at-law, next of kin, or otherwise, in any property, any portion of which is disposed of or affected, or any portion of which is attempted to be disposed of or affected, by a will or codicil offered for probate; or is interested as devisee, legatee, executor, testamentary trustee or guardian in any other will or codicil alleged to have been made by the same testator and not duly revoked by him; may file objections to any will or codicil so offered for probate."

The surrogate held in effect (*Matter of Mackenzie*, 156 Misc. 616) that Donald, Jr., was not a person authorized to file objections to probate within the provisions of section 147. In this conclusion the learned surrogate erred. Donald, Jr., is a person contemplated as an objectant by section 147 (*supra*). Thereunder, permission to file objections to probate is accorded (a) to "Any person interested in the event as devisee, legatee or otherwise, in a will or codicil offered for probate," or (b) " interested as heir-at-law, next of kin, *or otherwise* [italics mine] in any property, any portion of which is disposed of or affected, or any portion of which is attempted to be disposed of or affected, by a will or codicil offered for probate," or (c) " is interested as devisee, legatee, executor, testamentary trustee or guardian in any other will or codicil alleged to have been made by the same testator and not duly revoked by him."

Donald, Jr., manifestly has no standing to file objections under subdivisions (a) or (c) of said classification; for (a) he has no interest in the event as " devisee, legatee or otherwise " *in the will* sought to be probated, not being mentioned therein; and (c) he is not interested in any of the prescribed capacities in any other unrevoked will or codicil of the same testator. Hence if he has standing to file objections, it must be because he is (b, *supra*) " interested as heir-at-law, next of kin, or otherwise " in property disposed of or attempted to be disposed of in the will. Said infant was neither

heir at law nor next of kin of the alleged testator, for his father, Donald Mackenzie, survived the alleged testator and was in that category to the exclusion of his children, including Donald, Jr. However, although the said infant is neither " heir-at-law " nor " next of kin " of the alleged testator, he is plainly " interested * * * *otherwise*" (italics mine) in property " disposed of or affected, or any portion of which is attempted to be disposed of or affected " (§ 147, *supra*) in the will sought to be probated; which interest " otherwise " belonged to the infant's father on his death, in the event that the alleged testator died intestate, and vested in the infant at his father's demise.   This conclusion follows from these considerations:

If the alleged testator, by reason of the invalidity of his will, probate of which is sought, in fact died intestate, his real property *descended,* and the surplus of his personal property, as that surplus is defined in the opening paragraph of section 83 of the Decedent Estate Law, became *distributable* to his widow and children, as follows: One-third part to the widow and the residue in  equal portions to his four children.   (Dec. Est. Law, § 83, subd. 1.)   One of the four children was Donald Mackenzie.   When the latter subsequently died on May 12, 1934, intestate, the real and personal property coming to him from his father (thus intestate) under the same statute (Dec. Est. Law, § 83, subd. 1), manifestly would *descend* as to the real estate and become *distributable,* as to the personal property, to Donald Mackenzie's widow and his three children, including the infant Donald Mackenzie, Jr.   Hence, clearly, said infant on his father's death became, and remains, a person " interested   *   *   *   otherwise " (Surr. Ct. Act, § 147) in   " property   *   *   *   disposed of or affected, or   *   *   * attempted to be disposed of or affected," by the will sought to be probated.   The word " otherwise " is of broad significance and covers the interest which the infant asserts here.

Further, where, as here, a contest has been instituted by a person entitled to file objections, the death of that contestant does not cause an abatement of the proceeding.   "A probate proceeding does not abate because of the death of the contestant or the executor or any of the next of kin; the surrogate must take proof and determine whether the paper purporting to be the last will and testament of the decedent is entitled to probate.   *Van Alen* v. *Hewins,* 5 Hun, 44."   (FOWLER, S., *Matter of Herrmann,* 91 Misc. 464, 465; affd., 172 App. Div. 907; affd., 219 N. Y. 567; see *Matter of Burridge,* 234 App. Div. 457, 459.)   As this proceeding did not abate on Donald Mackenzie's death, the intervention of Donald, Jr., taking by descent (§ 83, subd. 1, *supra),* upon his father's

death intestate, an undivided interest in the real estate which descended (Id.) to his father from the alleged testator, if we assume the latter's intestacy, would appear to be in order. On this theory Donald, Jr., was brought in as a party. He remains as such. He has an interest to protect and should be allowed to protect it by sustaining his objections by proof, if possible. The suggestion that only the administratrix of Donald Mackenzie, deceased, may contest as said decedent's successor is without force. The cases cited in the learned surrogate's opinion (156 Misc. 616), while they acknowledge the right of such administratrix to contest, do not hold expressly or by necessary or any implication that a person in the position of this infant may not also contest. If an interest in the real estate of the alleged testator descended to Donald Mackenzie because of the former's intestacy resulting from the invalidity of the will, such interest in that real estate is now vested in Donald, Jr. (§ 83, subd. 1, *supra*), not in the administratrix. The administratrix has, indeed, a new power under the present statute (Dec. Est. Law, § 123) to collect rents of real estate during the period of administration; but no title. The title " descends " to the distributees without the intervention of the administrator. (§ 83, subd. 1, *supra;* also part of Report of the Commission to Investigate Defects in the Laws of Estates headed by Surrogate FOLEY, being Legis. Doc. 1928, No. 70, pp. 14, 15; Combined Reports of Decedent Estate Commission [Reprint Edition of 1935], pp. 20, 21.) I quote from the reports: " The Commission has proposed that title shall not be vested in the administrator but that realty shall descend at death to the distributees, subject to the right of the administrator to manage it, and to sell it for the purposes of distribution after the judicial approval by the surrogate." Such administratrix has no interest in the decedent's real property and no standing to take any proceedings in an action relating thereto. (*O'Brien* v. *Flynn*, 228 App. Div. 704; *Brandenstein* v. *Kawecki*, 213 id. 574.) The administratrix has the right to continue the contest in the place of Donald Mackenzie, deceased, as far as the personal property of the alleged testator is concerned, but no standing to continue it as far as it affects real property of which he died seized intestate because of the invalidity of the will. The infant Donald Mackenzie, Jr., is a person whose interest is based upon " the gain or loss of money or its equivalent " and one " who would be deprived of property in the broad sense of the word " (*Matter of Davis*, 182 N. Y. 468, 472), if the alleged will should be admitted to probate.

The order of the Surrogate's Court of Kings county striking out the answer of the infant, Donald Mackenzie, Jr., should be reversed

on the law, with ten dollars costs and disbursements, payable out of the estate, and the motion denied, with ten dollars costs.

LAZANSKY, P. J., YOUNG, DAVIS and JOHNSTON, JJ., concur.

Order of the Surrogate's Court of Kings county striking out the answer of the infant, Donald Mackenzie, Jr., reversed on the law, with ten dollars costs and disbursements, payable out of the estate, and motion denied, with ten dollars costs.