In the Matter of the Estate of Agnes M. Merrill, Deceased.

Surrogate's Court, Kings County, November 24, 1937.

*Coffey, Gertner & Richardson* [*Edward L. Coffey* of counsel], for the petitioner, Thomas J. Rudden, as administrator, etc.

*Harold Edward McNeely*, respondent, in person.

*Harold Bernstein*, attorney *pro se*, respondent, former attorney of decedent.

WINGATE, S.  Agnes M. Merrill died intestate on April 14, 1937, survived by two brothers, a sister and three nephews, the children of a deceased sister, as her sole statutory distributees.  So far as disclosed, she was, at the time of her death, possessed of no personal property other than personal belongings, but was seized of two parcels of real property, the one a two-family and store structure at 125 Melrose avenue and the other a four-family and store building at 98 Evergreen avenue, Brooklyn.

Approximately three months elapsed prior to the submission of any application for letters of administration.  Finally, on August fifth, letters were granted to one of the brothers after the issuance of a citation to the others equally entitled and their default on the return thereof.

In the interval, Harold McNeely, a nephew of the decedent and one of the statutory distributees, who had resided with the decedent and had assisted her in connection with her financial and business affairs during the latter years of her life, continued the management of the realty, collecting the rents and paying therefrom certain

expenses of the maintenance of the property and obligations of the decedent. The total gross sum thus collected by him amounted to $420. It appears affirmatively that this was all for rentals subsequent to the death of the intestate.

The administrator has now instituted a proceeding against him for the recovery of this sum, presumably under the supposed authority of section 123 of the Decedent Estate Law. So far as presently pertinent, this reads: " The administrator *   *   * shall have power to take possession of the real property of such decedent   *   *   * and to manage the same and to collect the rent thereof."

This enactment, which was added by chapter 229 of the Laws of 1929, effective September 1, 1930, was a modification of the previously existing common-law rule that an administrator, by virtue of his office, possessed no authority whatsoever over the realty of an intestate (*Dunning* v. *Ocean National Bank,* 61 N. Y. 497, 501; *Matter of Bussman,* 182 App. Div. 335, 336; *Mele* v. *Bonagura,* 172 id. 893; *Priester* v. *Hohloch,* 70 id. 256, 258; *Shumway* v. *Cooper,* 16 Barb. 556, 559; *Matter of Roberts,* 72 Misc. 625, 628, 629, 630; *Matter of Woodworth,* 5 Dem. 156, 160; *Matter of Blow,* 11 N. Y. Supp. 193, 197, not elsewhere reported; *Matter of Engel,* 140 Misc. 276, 282), the title to which descended to the heirs at law at the moment of death. (*Waxson Realty Corp.* v. *Rothschild,* 255 N. Y. 332, 336; *Kingsland* v. *Murray,* 133 id. 170, 174; *Matter of Doyle,* 133 Misc. 647, 649.) This conception was not altered by the enactment here under consideration. (*Matter of Mackenzie,* 247 App. Div. 317, 321.) The title to the real property still passes to the statutory distributees upon the death of the intestate, and they still become tenants in common thereof by virtue of the statutory devolution.

All which the statute effects is the vesting in the administrator of a *right* to take possession of the realty during the period of administration. (*Matter of Burstein,* 153 Misc. 515, 517.) Like other *rights,* he may or may not exercise it. (Cf. *Matter of Collins,* 158 Misc. 798, 801.) If he does so, he is entitled to receive and may enforce all consequent rights usually attendant upon possession, such as management, the collection of rentals, etc. It is only to the extent that such statutory privilege of taking possession is actually exercised, however, that the ordinary common-law rights of the statutory distributees as tenants in common of the property itself are disturbed or impaired.

This conception of the legislative intent to confer merely a right or authority on the administrator to take over the real property is wholly apparent from the portions of the note of the Commission

at whose instance the statute was enacted which are quoted in the *Burstein* case (*Matter of Burstein*, 153 Misc. 515) at page 517. It is further emphasized by the title of the section as enacted, which reads " Power of administrator over real property."

Since the right to " collect the rent " is merely a necessary sequence of the " power to take possession," it cannot come into being until the latter potential authority has been exercised and, further, since such power does not come into existence until the administrator has been appointed and has qualified, it cannot relate back to the acts of the legal owners of the property in relation to it prior to the date of the qualification and exercise of the power.

The nephew, in the present case, in so far, if at all, as he exercised authority over the property which vested in him and his cotenants on the death of the decedent, in excess of his individual rights, may be accountable therefor to his cotenants. He is not accountable to the petitioner in his representative capacity, as his acts were rightful at the time of performance, and may not be rendered tortious *nunc pro tunc* by the wholly unpredictable contingencies that an administrator of an estate possessing no personalty would be appointed at some indefinite time in the future and that such appointee would elect to take possession of the property.

The court, accordingly, determines that the administrator is not entitled to recover from Harold McNeely the rents collected by him prior to the appointment. It has not been demonstrated that he has any assets of the estate in his possession or that any demand for the delivery of anything except this sum has been made of him. The proceeding against him is, accordingly, dismissed, with costs.

It does appear that Harold Bernstein, the former attorney of the decedent, has in his possession certain documents and papers which came into his possession in his capacity in this regard. It is, however, uncontroverted that he has and claims an attorney's lien thereon for unrequited services. Under such circumstances the petitioner is not " entitled to the possession of the property " (Surr. Ct. Act, § 206) without satisfying or tendering satisfaction of these charges (*Matter of Abruzzo*, 139 Misc. 559, 562), wherefore the proceeding against him must also be dismissed.

Enter decrees on notice in conformity herewith.