## In the Matter of the Estate of YETTA ROSENBLATT, Deceased.

Surrogate's Court, Kings County, April 11, 1938.

*George Green*, attorney *pro se*, creditor of decedent.

*Julius Rosenblatt*, petitioner in person to render and settle his account.

WINGATE, S. The essential facts in this proceeding are undisputed. At the time of her death on July 11, 1932, the intestate was not possessed of any personalty of value, but was the owner of certain permises at 3058 Brighton First street, Brooklyn, appraised at $9,000. She was indebted to the present objectant in the sum of $75.60. He duly presented his claim to the administrator and it was allowed as a valid obligation of the estate.

The only assets which came into the hands of the administrator totalled $378. The funeral and administration expenses exceeded this sum and the difference was supplied by a son-in-law. The propriety of these expenditures is not questioned.

Within two months of the death of the intestate an arrangement was made between the statutory distributees of the decedent and the son-in-law, that in consideration of $4,000, which the latter had advanced to the decedent in her lifetime, he should receive a

half interest in the real property. This was effected by a conveyance to him by the distributees of the entire fee thereof and his simultaneous reconveyance to them of a half interest therein.

Thus the matter rested until the early part of this year, with every one apparently happy and contented except the $75.60 claimant who had been wholly ignored. On January 7, 1938, however, the latter inconsiderately instituted a proceeding for a compulsory accounting. With reasonable dispatch, the administrator filed his account with a voluntary petition for its judicial settlement, and a waiver and consent executed by all of the statutory distributees evincing their willingness to permit sleeping dogs to continue to lie. No order of consolidation of the two proceedings has been made although the parties have since in substance elected to treat them as one.

The creditor has filed an interestingly informal affidavit entitled in the compulsory proceeding, objecting to the account in the voluntary one, and requesting the court " to reject the account of the administrator " and to declare the conveyance of the half interest in the realty " null and void."

Despite the complete disregard by all parties of established rules of law and procedure, the court deems it obligatory, in the interest of substantial justice, to indicate the pertinent law and practice in the situation disclosed.

It is elementary that real property of an intestate devolves at the moment of death directly to the statutory distributees or heirs at law, as they were formerly designated, without the necessity for any act by the administrator (*Waxson Realty Corp.* v. *Rothschild,* 255 N. Y. 332, 336; *Kingsland* v. *Murray,* 133 id. 170, 174; *Matter of Mackenzie,* 247 App. Div. 317, 321; *Matter of Doyle,* 133 Misc. 647, 649; *Matter of Merrill,* 165 id. 161, 163), and that except for the potential right to the collection of rents during the period of administration, accorded by section 123 of the Decedent Estate Law, as added by chapter 229 of the Laws of 1929, the administrator possesses no right or authority and is subject to no obligations in respect thereof. In other words, the fee of real property is not an asset of the estate as such (*Matter of Cunniff,* 272 N. Y. 89, 92; *Mole* v. *Bonagura,* 172 App. Div. 893), and in the absence of recall through the medium of the special statutory proceeding provided for that purpose, is not subject to the debts or obligations of the decedent or his estate. (*Long* v. *Long,* 142 N. Y. 545, 552; *Kingsland* v. *Murray,* 133 id. 170, 174; *Hogan* v. *Kavanaugh,* 138 id. 417, 422; *Duryea* v. *Mackey,* 151 id. 204, 207, 208; *Personeni* v. *Goodale,* 199 id. 323, 332; *Matter of Cunniff,* 272 id. 89, 92; *Matter of Engel,* 140 Misc. 276, 281).

In view of the primary principle that the property of a decedent, except as to the sums necessary for administration and funeral expenses and the bare minimum required for the continued existence of his dependents, is primarily to be used in the solution of his obligations (*Blood* v. *Kane*, 130 N. Y. 514, 517; *Bankers Surety Co.* v. *Meyer*, 205 id. 219, 223, 234; *Agne* v. *Schwab*, 123 App. Div. 746, 747; *Matter of Schorer*, 154 Misc. 198, 200; affd., 248 App. Div. 666; affd., 272 N. Y. 247; *Matter of Dimou*, 149 Misc. 83, 87; *Matter of Lester*, 155 id. 536, 537; *Matter of Weinberg*, 162 id. 867, 875. See, also, *Candee* v. *Lord*, 2 N. Y. 267, 274), it was obviously essential that in those instances in which the personalty of the deceased was insufficient for the purpose, some machinery should be made available for a recalling of the realty from those to whom it had devolved and to accomplish its subjection to the proper obligations of the decedent.

Obviously statutory authority was requisite for this purpose. The first statute enacted in this State in this connection is found in chapter 27 of the Laws of 1786, and similar promulgations have continuously been in effect up to the present time, the presently effective provisions being incorporated in article 13 of the Surrogate's Court Act and especially in sections 233 to 236 thereof. In view of the fact that such laws are in derogation of previously existing common-law rights, it has been the uniform determination that to subject realty to the obligations of the decedent their terms must meet with exact compliance. (*Matter of Cunniff*, 272 N. Y. 89, 92; *Matter of Reed*, 214 id. 383, 386; *Matter of Roberts*, Id. 369, 377; *Personeni* v. *Goodale*, 199 id. 323, 332; *Kingsland* v. *Murray*, 133 id. 170, 174.)

The important sections in the presently effective enactments are 233 and 236, the former of which relates to the situations in which application for a sale of real estate for payment of debts may be made, while the latter prescribes the requisite procedure in this regard.

In the former connection, it is provided that such an application is timely if the proceeding therefor is initiated either (a) within eighteen months from the date when letters were first issued; or (b) during the pendency of a proceeding for the judicial settlement of the accounts of the fiduciary, provided the land in question has not previously been aliened.

The effect of the former provision is, in substance, to impress a statutory lien for debts upon the realty for a period of eighteen months succeeding the issuance of letters (*Platt* v. *Platt*, 105 N. Y. 488, 497; *Eiffert* v. *Hummel*, 140 Misc. 323, 326; *Matter of Finlayson*, Id. 140, 142; *Hall* v. *Partridge*, 10 How. Pr. 188,

191; *Matthews* v. *Matthews*, 1 Edw. Ch. 565, 571), with the result that an alienee in the interval assumes the risk that if a proceeding for subjection is initiated within this period, his rights in the land may be subordinated to those of the creditors of the deceased.

The latter authority is self-evident and permits the initiation of the proceeding during an accounting proceeding whether or not such accounting is had prior or subsequent to the expiration of eighteen months from the issuance of letters. (*Matter of Cunniff*, 272 N. Y. 89, 101; *Matter of Collins*, FOLEY, S., 122 Misc. 265, 266.) Such relief, as noted, is conditioned on the fact that the land has not been aliened by the statutory distributees. Whether or not this limitation would be held to bar a proceeding against the land if held by an alienee who was not a purchaser for value without notice, has not been decided under the present statute. Conceivably it would not. (*Matter of Callaghan*, 69 Hun, 161, 163, 164. See, also, *Mead* v. *Jenkins*, 95 N. Y. 31, 34, 35.)

In the present situation the court deems this question unnecessary of decision, since the original distributees still own an undivided one-half of the property which belonged to the decedent and this is unquestionably of a value sufficient to satisfy the extremely insignificant claim of this creditor. The fact that the distributees actually conveyed their entire interest to the son-in-law is wholly immaterial as was conceded on the hearing, since they simultaneously received a reconveyance of one-half thereof. The agreement was that he should receive conveyance of one-half and that is the manner of recital of the transaction in the account.

Under the authority of *Matter of Cunniff* (272 N. Y. 89, 101) an application in the present accounting by the creditor for the sale of the realty is timely and will warrant a direction that the undivided one-half thereof, now in the possession of the statutory distributees, be sold for the satisfaction of his claim. (*Eddy* v. *Traver*, 6 Paige, 521, 525.) A difficulty is, however, here encountered in the fact that his application does not conform to the procedural requirements of section 236 of the Surrogate's Court Act. As the application is made by a creditor in the pending proceeding in which no citation has been issued and no notice of the application given to the distributees who will be affected, a formal petition for such relief should be presented, and a citation giving notice of the application issued and served upon all potentially interested persons (*Matter of Townsend*, 203 N. Y. 522, 524), including, of course, the statutory distributees (*Jenkins* v. *Young*, 35 Hun, 569, 572) and all known and unknown creditors (*Matter of Reed*, 214 N. Y. 383, 385).

Whereas such action may transcend the usual function of the court, it may not be amiss, in view of the insignificant size of the claim and the fact that the expense to the estate of a sale of the realty may conceivably approximate ten times its amount, to remind the statutory distributees of the age old admonition to be found in Matthew 5:25: " Agree with thine adversary quickly, whiles thou art in the way with him."

The objectant has invoked the remedial authority of the court to procure the solution of his admittedly just debt; his procedure in this regard is hopelessly defective; in its discretion and in the furtherance of substantial justice, the court will accord him a reasonable respite to enable him to remedy his errors in this regard.

Proceed in conformity herewith.