In the Matter of the Estate of JACQUES WILLER, also known as JAKE WILLER; also known as JACOB WILLER, Deceased.

Surrogate's Court, Bronx County, June 14, 1939.

*William J. Block*, for *Israel Newman*, as administrator, etc.

*Joseph B. Finkelstein*, for *Charles H. Willer*, objectant.

HENDERSON, S. The administrator moves on the pleadings to dismiss a distributee's objections to the former's account. The three items in the " Third " objection concern credits claimed in the account for payments of various alleged administration expenses. As to this objection, the motion is denied.

The intestate died December 12, 1936, owning realty hereinafter designated as " parcel A " and an undivided one-half interest in other realty hereinafter designated as " parcel B." The administrator took possession of " parcel A," accounted for the rents thereof, and stated in his account that a proceeding was pending in this court for the sale thereof for distribution. No objection was filed as to any item concerning " parcel A."

The " First " objection alleges that the account is erroneous in that it fails to charge the administrator with an undivided one-half interest in " parcel B." The administrator has not sold this parcel

nor has he attempted to do so. No objection has been filed to his failure to do so. He is not accountable for his intestate's interest therein which has descended to the distributees of the decedent as tenants in common, with the decedent's cotenant. The motion is granted as to this objection.

The " Second " objection alleges that the account is erroneous in that it fails to charge the administrator with the rents, issues and profits received or which should have been received by him from " parcel B."

The decedent left him surviving as his only distributees ten nephews and nieces. The administrator did not take possession of this parcel and collected no rents therefrom. It is conceded that since the decedent's death, the entire possession thereof has been by the decedent's cotenant, who was not related to the decedent, and who alone has managed the property and collected the rents, without accounting for her acts in connection with that property. The account mentions both parcels and sets forth the administrator's reasons for not taking possession of " parcel B." His reasons are immaterial upon this motion. The sole question now is whether or not he should have taken possession under the authority given him by statute (Dec. Est. Law, § 123.) The account discloses that the estate is solvent and that there is no necessity for recourse to realty or to rents thereof for the purpose of satisfying any claim. No objection is made in that respect. There will be a balance of the decedent's personalty for a distribution among his distributees, in addition to the net rents from " parcel A."

At common law an administrator had no authority over real property by virtue of his office. (*Dunning* v. *Ocean National Bank,* 61 N. Y. 497, 501.) In this State his only right to deal with his intestate's realty as an incident of his office without express judicial authorization, is found in Section 123 of the Decedent Estate Law, which reads as follows:

" § 123. Power of administrator over real property. The administrator of a decedent who dies after the thirty-first day of August, nineteen hundred and thirty, shall have power to take possession of the real property of such decedent, and any interest therein, and to manage the same and to collect the rent thereof. Such administrator may sell, mortgage or lease the same subject to the limitations and in the manner authorized by the provisions of article thirteen of the surrogate's court act."

While the statute gives the administrator power to take possession of realty and to collect the rent thereof, it does not compel him to do so. It may be that, in a proper case, an administrator might be charged with the loss suffered by any creditor of the decedent or

of the estate, by reason of the administrator's failure to exercise this statutory power (See Matter of Baker, 164 Misc. 92, 94), but no such loss is alleged or apparent from the pleadings.

The Commission to Investigate Defects in the Laws of Estates recommended to the Legislature that "realty shall descend at death to the distributees, subject to the right of the administrator to manage it, and to sell it for the purposes of distribution after the judicial approval of the surrogate. * * * that the administrator be given power to take immediate possession * * * and to collect the accruing rentals during administration." (N. Y. Legis. Doc. 1929, No. 62, p. 23.) The note of the Commission appended to the proposed legislation read "New. Authority to take possession and collect accruing rents is made an incident to the appointment, but the power to sell, * * * can be exercised only upon express approval thereof by the surrogate." (N. Y. Legis. Doc. 1929, No. 62, pp. 33 and 75.) These comments by the Commission as to the purposes and effect of the proposed legislation were before the Legislature when the statute was enacted (Laws of 1929, ch. 229, § 2), and evidence the legislative intent to grant merely a right of possession, management and collection to an administrator, exercisable in his discretion or perhaps upon the court's direction made upon timely application in a proper case. It is a potential right (Matter of Rosenblatt, 167 Misc. 258, 259), and, like other rights, the administrator may or may not exercise it. (Matter of Merrill, 165 Misc. 161, 163.)

The only question before me as to this objection is one of law. Was the administrator required in the proper performance of his duties, to take possession of " parcel B " and to collect the rentals thereof? The pleadings demonstrate that there is no deficiency in personalty. I specifically hold that, under the uncontroverted facts, the administrator was under no duty to take possession of " parcel B " or to collect the rentals thereof or to attempt to do either. The fact that the administrator took possession of " parcel A " and collected the rentals thereof is immaterial. The motion is also granted as to this objection.

Objections numbered " First " and " Second " are dismissed upon the pleadings. The issues raised by objection number " Third " will be tried on the date heretofore set for the hearing herein.

This determination is made without prejudice to the objectant's right to call the person in possession to account, as his cotenant, in a court of competent jurisdiction.

Settle order.