In the Matter of the Estate of THEODORE C. CONDAX, Deceased.

Surrogate's Court, New York County, November 16, 1948.

*Alexander D. Sioris* for Christ Staikos, as ancillary administrator of the estate of Theodore C. Condax, deceased, petitioner.

*Alexander D. Diamond, Michael Saytanides* and *Michael Mulaine* for Michael Condax, respondent.

COLLINS, S. In this discovery proceeding, the ancillary administrator seeks to recover from the respondent (a brother of the decedent) the proceeds of two checks which he alleges the respondent held for the decedent and also certain rents concededly collected by respondent from lessees of real property which was owned by the decedent, the respondent and others. In addition the petitioner claims that the estate is the owner of certain securities allegedly purchased by respondent with moneys retained by him for the benefit of the decedent.

In respect of the claim based upon the checks, the evidence shows that the funds entrusted by the decedent to the respondent were returned to the decedent in accordance with their agreement. The purpose of the transaction apparently was to provide the decedent with an amount of cash which he could not otherwise enjoy under restrictions of the foreign country in which he was domiciled. The petitioner failed to establish that the respondent owed the decedent any money as a result of these transactions.

In respect of the rents from the real estate, the parties have stipulated that of the amounts collected by respondent the sums

of $13,576.22, $2,612.50 and $1,575 are now payable to the petitioner. The first two sums represent rents collected prior to the death of the decedent and the last sum represents rents collected after March 4, 1948, the date of the appointment of the ancillary administrator. The decree herein will direct payment of the sums agreed to be due the estate. The rents in dispute are those that were payable and collected between the date of death of the decedent, March 9, 1943, and the date of the appointment of the ancillary administrator, March 4, 1948. The total amount of rent due and collected for this period is not in dispute. The respondent concedes that he holds the moneys for the benefit of the owners thereof but he contends that the ancillary administrator of the decedent is not entitled to recover in this proceeding any rents for this period.

The respondent collected the rents not as agent of the decedent but as one of the tenants in common of the realty. He is also one of the statutory distributees of the decedent and succeeds to a share in the decedent's interest in the property. His right to collect all the rents after the death of the decedent and prior to the appointment of the ancillary administrator cannot be doubted. In *Matter of Merrill* (165 Misc. 161, 164) Surrogate WINGATE pointed out that the right of an administrator to collect rent is merely a necessary sequence of the " power to take possession " (Decedent Estate Law, § 123), that the former cannot come into being until the latter potential authority is exercised and that one who succeeds to the property as a tenant in common cannot be held accountable to the administrator in a discovery proceeding for rents collected prior to the appointment of the fiduciary. Moreover, the rents collected by the respondent belong in part to other persons who were tenants in common with the decedent and respondent and who are not parties to this proceeding. An action for partition of the realty is now pending in the Supreme Court and in that action the court has power to adjust the rights of the respective parties in relation to rents which have been collected by one of them. (Civ. Prac. Act, § 1075.)

The petitioner has not shown that any part of the decedent's real property will be required to pay debts or claims against the estate. Petitioner was appointed ancillary administrator on nomination by one of the parties " entitled to the possession in the foreign country of the personal estate of such decedent " (Surrogate's Ct. Act, § 160). He will be required to transmit the moneys received by him after the issuance of letters to the foreign country " to be disposed of pursuant to the laws

thereof '' (Surrogate's Ct. Act, § 164). The manner in which real property situated in this State, or an interest therein, descends to the distributees is regulated by the law of this State without regard to the residence of the decedent (Decedent Estate Law, § 47).

For these reasons the court holds that the petitioner in his representative capacity cannot hold the respondent accountable in this proceeding for the rents collected after the death of the decedent and prior to the appointment of the fiduciary.

In respect of the claim that respondent had invested moneys of the decedent in the securities set forth in the petition, the petitioner offered no proof and the claim in this respect must be dismissed.

Submit decree on notice accordingly.