James S. Brown, J.
In this partition action instituted by four sisters, as co-owners of record of the subject real property, against their brother and sister, the two remaining co-owners, the plaintiffs move for an order pursuant to rule 109 of the Rules of Civil Practice striking out the affirmative defense and counterclaim interposed by the defendants on the ground that it is insufficient in law.
The complaint alleges substantially all the allegations necessary to plead an action in partition. The defendants in the said affirmative defense and counterclaim, in substance allege that the deceased mother of the plaintiffs and defendants purchased the property in 1939; that title was then taken in the name of one of her six children at her request and thereafter, at her *786 direction, the title holder conveyed the property to five of the six and later, again at her request, those five conveyed the title in 1954 to all six; and that these conveyances were made with the understanding and agreement that the grantees named therein were to hold only the nominal title for the benefit and convenience of the mother and that they would at any time, upon request, convey the property to her or any other person designated by her; and that the mother at all times lived at the premises and exercised all indicia of management and ownership ; and that she died on May 7, 1957 with the record title in the names of the four plaintiffs and two defendants. It is further alleged that if the mother were alive today she would be entitled to demand a reconveyance and that a “ failure on the part of the plaintiffs to make such conveyance pursuant to such demand would constitute a violation of the confidence placed in the plaintiffs because of their relationship,” and that the defendant Schwartz as administratrix of the estate of the mother is entitled to a decree declaring that all of the six parties are holding the property in trust for the estate of their mother and that the said property belongs to the defendant Schwartz “ as administratrix of the Estate of Bella Levine” and that they be directed to convey same to her as administratrix.
The said defense and counterclaim apparently seeks the relief of a constructive trust and a conveyance of title to her as administratrix. In addition, defendants argue that under section 123 of the Decedent Estate Law she may take possession of the real property of such deceased.
The principle governing the establishment by a court of equity of a constructive trust is to prevent unjust enrichment where a confidential relationship is abused by a repudiation, without redress, of a trust orally declared or created (Foreman v. Foreman, 251 N. Y. 237; Fraw Realty Co. v. Natanson, 261 N. Y. 396, 401). To sustain such a complaint or defense, the party pleading must set forth all the essential elements as indicated. This the defendants have failed to do. Nowhere do they allege a breach of the oral arrangement and an unjust enrichment during the lifetime of the deceased. The conveyance was made subject to further direction on the part of the deceased during her lifetime. Having failed to so exercise such demand, the property rightfully belongs to the parties to the action, not only by the conveyance but also by intestacy, and the administratrix cannot exercise such demand after the death of the mother.
Assuming arguendo that the property belonged to the mother at her death, it is elementary that real property of an intestate devolves at the moment of death directly to the statutory dis *787 tributees or heirs at law, without the necessity for any act by an administrator, and except for the potential right of the defendant Schwartz, and that only as administratrix and not as am, individual to take possession for the collection of rents during the period of administration accorded by section 123 of the Decedent Estate Law, the defendant as administratrix possesses no other right or authority to the ownership of the property. (Matter of Willer, 171 Misc. 582; Matter of Rosenblatt, 167 Misc. 258; Matter of Merrill, 165 Misc. 161.) The effect of section 123 of the Decedent Estate Law is the vesting in an administrator of a right to take possession of real property during the period of administration and like other rights he may or may not exercise it (Matter of Merrill, supra; Matter of Rosenblatt, supra). It is apparent that 17 months have elapsed since the appointment of the defendant as administratrix. Whether such right has been exercised by her or whether it is necessary to do so in administering the estate, is not before this court and relates solely to the proceeding pending in the Surrogate’s Court.
The motion is, therefore, granted, with $10 costs.