## (December 9, 1971)

■ CARLTON E. JOHNSON, as Administrator of the Estate of CARL JOHNSON, Deceased, Appellant, v. MARTHA C. DEPEW, Respondent.— Judgment reversed on the law and facts, with costs, and new trial granted solely on the issue of the amount of rent due and owing to the estate from respondent. Memorandum: Generally an individual cotenant may occupy the property of tenancy-in-common without incurring liability for such occupancy (*Wood* v. *Phillips*, 43 N. Y. 152; *Bullock* v. *Hartburg*, 286 App. Div. 918) except when the occupying cotenant commits or allows to be committed some act which excludes the other cotenants from the use and enjoyment of the cotenancy (*Zapp* v. *Miller*, 109 N. Y. 51). It has long been settled, however, that the general rule applies only as between the tenants themselves "and not as between

a tenant and an administratrix, which is the relationship of the parties to this controversy". (*Limberg* v. *Limberg,* 256 App. Div. 721, affd. 281 N. Y. 821.) Former section 123 of the Decedent Estate Law (now EPTL 11–1.1; L. 1966, ch. 952) authorizes every fiduciary "To take possession of, collect the rents from and manage * * * any property or any estate therein owned by an estate or trust". (EPTL 11–1.1, subd. [b], par. [5], cl. [A].) It is upon the authority of this statute that the tenant in possession who is a distributee is required to pay a reasonable rental to the estate during the administration (*Limberg* v. *Limberg, supra,* p. 722). The language of the statute expresses no exception to the administrator's power to collect the rentals where the tenant is not a distributee but merely, as here, a surviving cotenant. If the Legislature had intended to carve out an exception premised on the status of the tenant in occupancy, it would have said so clearly in the statute (EPTL 11–1.1). The administrator being vested with the rights of legal owner of all the assets of the estate, it follows that he has the right to collect reasonable rental from the respondent, surviving cotenant in possession. Accordingly, the dismissal of appellant-administrator's action by the trial court should be reversed. Since it is not clear from the record on what date respondent quit the premises, or what was the reasonable rental value, a new trial is required solely for the purpose of determining the amount of rent due and owing to the estate from respondent. All concur except Witmer, J., who dissents and votes to affirm, in the following memorandum: I cannot agree with the conclusion of the majority that the administrator is entitled to collect rent from decedent's cotenant from the date of decedent's death pursuant to EPTL 11–1.1 (subd. [b], par. [5], cl. [A]) which was derived from section 123 and subdivision 2 (par. [f], cl. [1]) of section 127 of the Decedent Estate Law. Their reliance upon *Limberg* v. *Limberg* (256 App. Div. 721, affd. 281 N. Y. 821) is unsound, because that case is distinguishable on its facts. Respondent admittedly took title of the subject real estate on December 22, 1961 as a tenant in common with the decedent, and she resided thereon with him until his death on December 5, 1967. She continued to reside on the property thereafter and to maintain it until it was sold in a mortgage foreclosure action in July, 1970. On April 29, 1968 plaintiff, as administrator of the decedent's estate, caused a letter to be sent to respondent demanding that she pay to him rent for the use of the premises from December 5, 1967 at the rate of $150 per month. Respondent refused to make such payment and has paid nothing to plaintiff. It appears that in 1964 the decedent, though continuing to live with respondent, had begun an action against her to partition the property, and an answer was interposed; but the action was not pursued and it lay dormant. In September, 1968 plaintiff administrator was substituted as plaintiff in the partition action and he obtained an interlocutory judgment for partition of the premises. In January, 1969 he instituted this further action to require respondent to pay him not the reasonable monthly rental value of the property but one half thereof, to wit, $75 per month from the date of decedent's death; the action thus suggesting an attempt for an accounting. The trial court, in my view, properly dismissed the action, and in doing so referred plaintiff to his partition action and the interlocutory judgment therein. As the majority state, historically one cotenant may occupy the property owned in common without incurring liability to his cotenants so long as he maintains the property and does not exclude them (*Wood* v. *Phillips,* 43 N. Y. 152). Prior to 1930 an administrator of a decedent had authority only to administer the personal property, and the real estate descended to the decedent's heirs at law as tenants in common. By section

123 of the Decedent Estate Law in 1930 the administrator was given the right to take possession of the decedent's real estate during the period of the administration of the estate (*Matter of Merrill*, 165 Misc. 161; *Matter of Burstein*, 153 Misc. 515). This right was continued by Decedent Estate Law § 127, subd. 2, par. [f], cl. [1]), and, effective September 1, 1967, by EPTL 11–1.1 (subd. [b], par. [5], cl. [A]). Under it, during the period of administration, an administrator may require any of the tenants in common who acquired that status through inheritance from the decedent, to pay rent to him for use of the premises owned by decedent at his death (*Limberg* v. *Limberg, supra*). This statute, however, was not designed to disturb the historic relationship of tenants in common with a decedent; and it could not lawfully do so. The statute refers to the "estate" of the decedent. When the decedent has only a fractional interest in a parcel of real estate, that fractional part may be taken into administration by his administrator; but the administrator gains no right which the decedent did not have and cannot encroach upon the rights of the surviving cotenants. For example, suppose that each one of ten men has an undivided 10% interest in a substantial real estate block. Under the holding of the majority of this court, upon the death of one of such tenants in common, his administrator could take over the complete management and administration of such realty to the exclusion of the surviving nine cotenants. The mere statement of the proposition demonstrates its fallacy. Where the surviving cotenants were cotenants of the decedent, any one of them may use the property so long as he does not exclude his other cotenants, and he may collect rents in the same manner for the benefit of all of the cotenants (*Matter of Condax*, 193 Misc. 280). However, as between such cotenants, including the administrator of the deceased cotenant, the legal remedy for distribution of rents and proceeds of the corpus of such real property is still by partition, as has always been the case (see *Matter of Condax, supra*, p. 281). Accordingly, I dissent and vote to affirm the judgment of the trial court. (Appeal from part of judgment of Niagara Trial Term, dismissing certain causes of action.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Cardamone, JJ.