LCD Holding Corp. v Powell-Allen (2022 NY Slip Op 01447)





LCD Holding Corp. v Powell-Allen


2022 NY Slip Op 01447


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2019-08978
 (Index No. 507330/17)

[*1]LCD Holding Corp., appellant, 
v
Denise R. Powell-Allen, et al., respondents.


Andrew M. Krisel, Brooklyn, NY, for appellant.
The Northern Law Group, P.C., Brooklyn, NY (Ann C. Northern of counsel), for respondents Denise R. Powell-Allen and Patricia D. Faison.



DECISION & ORDER
In an action for the partition and sale of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated July 10, 2019. The order, insofar as appealed from, sua sponte, directed dismissal of the action without prejudice to the commencement of a proceeding for the same relief in the Surrogate's Court, Kings County.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed dismissal of the action without prejudice is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, and the matter is remitted to the Supreme Court, Kings County, for a determination of the plaintiff's motion for summary judgment on the complaint and to appoint a referee; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
By deed dated January 16, 1978, nonparty Fridal Enterprises, Inc., deeded to John Powell (hereinafter the decedent) certain real property known as 912 Sterling Place in Brooklyn (hereinafter the subject property). On October 16, 2000, the decedent died intestate, possessed of the subject property, and leaving six distributees: five children—John Powell, Jr. (hereinafter John), Velma Powell (hereinafter Velma), Patricia D. Faison (hereinafter Patricia), Denise R. Powell-Allen (hereinafter Denise), and Michelle R. Jeter (hereinafter Michelle)—and one grandson—Eliot Winston Williams (hereinafter Eliot), the son of his predeceased son Boyd Winston Powell. John thereafter died on October 6, 2007, leaving a single distributee, his son, Hashime Powell (hereinafter Hashime). Subsequently, by deed dated March 17, 2017, Velma and Hashime jointly conveyed their interests in the subject property to 912 Sterling Corp. By separate deed of the same date, Eliot conveyed his interest in the subject property to 912 Sterling Corp.
Meanwhile, on or about June 17, 2009, Denise commenced a proceeding in the Surrogate's Court, Kings County, to obtain letters of administration for the decedent's estate. In a decree dated September 7, 2010, the Surrogate's Court issued letters of administration to Denise.
In April 2017, 912 Sterling Corp., as the alleged holder of a 50% interest in the subject property, commenced this action against Denise, Patricia, and Michelle (hereinafter collectively the defendants) as the alleged holders of the other 50% interest of the subject property, for a partition and sale of the subject property. LCD Holding Corp. (hereinafter LCD Holding) was later substituted as the plaintiff in this action. Following joinder of issue, LCD Holding moved for summary judgment on the complaint and to appoint a referee. In an order dated November 8, 2017, the Supreme Court, without determining LCD Holding's motion, transferred the action to the Surrogate's Court, Kings County. Thereafter, in an order dated July 10, 2019, the Supreme Court, inter alia, in effect, vacated the order dated November 8, 2017, and, sua sponte, directed dismissal of the action without prejudice to the commencement of a proceeding for the same relief in the Surrogate's Court, Kings County, on the ground that letters of administration had been issued to Denise with respect to the decedent's estate. The plaintiff appeals.
Contrary to the Supreme Court's determination, dismissal of this action was not warranted on the ground that the Surrogate's Court issued letters of administration to Denise with respect to the decedent's estate. When a property owner dies intestate, title to real property automatically vests in his or her distributees as tenants in common (see U.S. Bank Trust, N.A. v Gedeon, 181 AD3d 745, 747; Matter of Blango, 166 AD3d 767, 768; Kraker v Roll, 100 AD2d 424, 429). This vesting by descent occurs by operation of law at the time of the decedent's death, regardless of any failure to appoint an administrator or to file new deeds (see Kraker v Roll, 100 AD2d at 429), or, if an administrator is appointed, without the necessity for any act by the administrator (see Singer v Levine, 15 Misc 2d 785, 786-787 [Sup Ct, Kings County]).
Here, it is undisputed that the decedent died intestate, possessed of the subject property, and leaving six distributees who became owners of the subject property as tenants in common at the time of the decedent's death. In its complaint, LCD Holdings alleged that it had acquired a 50% interest in the subject property from deeds given by and through certain of those distributees, with the defendants—the decedent's remaining distributees—holding the other 50% interest. Consequently, the subject property is not part of the administrable estate (see e.g. Matter of Blango, 166 AD3d 767). Under such circumstances, LCD Holding, as the alleged holder of a 50% interest in the subject property as a tenant in common with the defendants, had the right to maintain this action for the partition and sale of the subject property in the Supreme Court, Kings County (see RPAPL 901[1]; see also Goldberger v Rudnicki, 94 AD3d 1048, 1050; Graffeo v Paciello, 46 AD3d 613, 614). Accordingly, the court erred in, sua sponte, directing dismissal of the action without prejudice to the commencement of a proceeding for the same relief in the in Surrogate's Court, Kings County.
Although the parties raise arguments regarding the merits of plaintiff's motion for summary judgment on the complaint and to appoint a referee, the Supreme Court did not decide that motion, and it remains pending and undecided (see Rhodehouse v CVS Pharm., Inc., 151 AD3d 771, 773). Accordingly, we remit the matter to the Supreme Court, Kings County, for a determination of the plaintiff's motion for summary judgment on the complaint and to appoint a referee.
CHAMBERS, J.P., ROMAN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court